## THE STATE *v.* MILES BAILEY.

The judgments of inferior Courts at Common Law could only be reviewed by *writs of error*, or *writs of false judgment*. By our Law, appeals are used in lieu of those writs.

Appeals from interlocutory judgments are only allowed in civil suits, and this by virtue of Rev. Code, chap. 34, sec. 27. Therefore when the Court found from *ex parte* affidavits that the defendant, during the trial of an indictment for larceny, was guilty of tampering with a juror, and for such conduct ordered a juror to be withdrawn and a mistrial made, the defendant had no right to appeal to this Court. *State* v. *Prince*, 63 N. C. 529, cited and commented on.

This was an indictment for larceny, with a count for receiving stolen goods, tried before *Pool, J.*, at Spring Term, 1871, of BERTIE Superior Court.

The defendant had pleaded "not guilty," when the jury was empanneled, and three witnesses had been examined on the part of the State. The Court was then adjourned for the night, and the jury permitted to separate, with the usual instructions not to discuss the case amongst themselves, nor to allow others to speak of the matter to them.

On the meeting of the Court next morning, the Solicitor offered certain *ex parte* affidavits of indifferent persons, charging defendant, two of the jurors, and one of the witnesses, with corrupt conduct during the recess of the Court, and moved to discharge the jury from the further consideration of the case. The defendant opposed the motion, and asked to be allowed to offer the affidavits of himself and those of the two jurors, and that of the witness charged with these offences, denying the allegations made against them. The Court held that the affidavits of indifferent persons could be offered, but declined to hear the affidavits of the parties implicated; to which defendant excepted.

Th Court, after finding the facts from the *ex parte* affidavits, which the decision of the Court renders unnecessary to be recited, ordered a juror to be withdrawn and mistrial made.

The Solicitor moved that the defendant be required to enter into recognizance for his appearance at the next term of this Court. The defendant moved to be discharged. The Court overruled defendant's motion, and required him to enter into recognizance for appearance asked for by the State.

The defendant prayed an appeal to the Supreme Court, from the order discharging the jury and making a mistrial, and from the order requiring him to enter into recognizance.

*Attorney General*, for the State.
*D. A. Barnes*, for the defendant.

BOYDEN, J. At common law, there was no appeal from the decision of any of the Courts, high or low, and these decisions

could only be reviewed by *writ of error*, or *writ of false judgment.*

By our law, appeals are used as a substitute for those writs, and these writs were always after a final judgment in the Court where the suits were tried; and appeals being by our law a substitute for writs of error and false judgment, were always after a final decision, until the act of 1831–'2, Rev. Code, chap. 35, sec. 2, entitled "an act to allow appeals to the Supreme Court from interlocutory judgments, orders, and decrees of the Superior Courts of Law and Courts of Equity."

And when appeals were allowed by the Judges under the act of 1831–'2, the Supreme Court possessed no power under this act to enter any judgment reversing, affirming or modifying the orders, judgment or decrees appealed from, but the Supreme Court are directed to cause their opinion to be certified to the Court below with instructions to proceed upon such order, judgment or decree, or to reverse or modify the same according to the opinion so certified. But the act 1831–'2, did not authorize the Judges to allow appeals in State cases. So appeals in such cases can only be taken after a final decision in the Superior Court.

There was therefore error in allowing an appeal from the order directing a mistrial.

We make this decision with less regret for the reason, that it does not deprive the defendant of his right to have the decision of his Honor reversed by this Court, if he erred in ordering the mistrial, as the defendant can avail himself of the objection when called for a second trial. See the cases of the *People* v. *Alcott*, 2 Johnson's cases, 301; *Commonwealth* v. *Cook*, 6 Sergeant, S. & Rawle, 577: and *Klock* v. *The People*, 2 Parker, C. C. 676. In inferior misdemeanors such as assaults, batteries, forcible trespass and the like, the Judges have a discretionary power to order mistrials, and in such case their decisions cannot be reversed in like causes, but even here mistrials should not be granted for slight causes. But in capital felonies,

and in felonies not capital, and in misdemeanors where inferior punishments may be inflicted, as in perjury, conspiracy and the like, the decisions of the Judges in the Court below may be reviewed in this Court: In such cases the Judges should find the facts, which this Court cannot review; but the law bearing upon the facts thus found, are 'the subject of review in this Court, by an appeal, after a final decision in the Court below.

No mistrials should be ordered in such cases, unless there exists what the law terms a strong and urgent necessity. In the case of the *Commonwealth* v. *Cook*, 6 Sargeant and Rawle 577, Chief Justice Tilghman in defining this legal necessity, says "the moment it is made to appear to the Court, by satisfactory evidence, that the health of a single juryman is so affected as to incapacitate him to do his duty, a case of necessity has arisen." The Chief Justice also says, there is a class of cases which depend on what may be termed a necessity of doing justice, such as where the prisoner has tampered with some of the jury; this necessity arises from the duty of the Court, to guard the administration of justice against fraudulent practices.

It is presumed that it was this necessity upon which the Judge below ordered the mistrial in this case.

In the case of the *State* v. *Prince et. al.*, 63 N. C. 529, this Court did entertain the appeals from a decision ordering a mistrial. In that case both the State and defendant appealed, and no objection was taken to the appeal, and the attention of the Court was not called to the fact, that in criminal cases, no appeals are allowed from interlocutory orders, but only after the final decision.

There being error in allowing the appeal, it must be dismissed.

PER CURIAM.                    Judgment affirmed.