STATE *vs.* FRANKLIN FREEMAN.

1. Upon the rendition of a verdict of not guilty against a defendant in an indictment, he is entitled to his discharge, nothing more appearing against him.

2. A Judge has no right to set aside a verdict of not guilty, nor to grant a new trial, on the motion of the State.

*State* v. *Phillips*, at this term, cited and approved.

This was an indictment for an assault and battery, tried before Tourgee, Judge, at Fall Term 1871, of Alamance Superior Court.

Upon the evidence in the case, the jury returned a verdict of not guilty.

After the verdict had been rendered, the Solicitor for the State moved to set it aside, upon the ground that one of the jurors had been improperly sworn; the juror on account of conscientious scruples having declined to swear upon the book. Whereupon the clerk administered the affirmation prescribed for Quakers, Dunkards, &c.

His Honor entertained the motion of the Solicitor and set aside the verdict, from which order the defendant appealed to the Supreme Court.

*Attorney General* for the State.
*Parker* for the defendant.

STATE v. FRANK BEATTY.

READE, J.  Upon the rendition of the verdict "not guilty," by the jury, nothing more appearing against the defendant, he was entitled to be discharged, and it was the duty of the Court to render judgment accordingly.

His Honor had no power to set aside the verdict for the cause assigned, nor to grant a new trial on motion of the State, nor had the State the right of appeal.  See *State* v. *Phillips*, at this term.

This will be certified to the end that the defendant may be discharged.

PER CURIAM.                              Judgment reversed.