## STATE *vs.* BEVERLY JEFFERSON.

1. An appeal cannot be taken on the State docket from an interlocutory order or judgment.

2. Where a matter involves the power of a Superior Court and error in its exercise, as where, in a capital case, a Judge improperly discharges a jury, and refuses to discharge the prisoner; the record of the Court below may be brought up for review by a writ of *certiorari* in the nature of a writ of error. Art. 4, sec. 10 Const.

3. In such case the proper course is to ask for a rule to show cause why the writ should not issue, and as a foundation for the order, the Court will require a petition in due form.

4. In a trial for a capital felony, the Judge for sufficient cause may discharge a jury and hold the prisoner for another trial; in which case, it is his duty to find the facts and set them out on the record, that his conclusions upon matters of law, arising upon the facts, may be reviewed by this Court.

5. It is the duty of a Judge to be personally present in Court, and to find judicially the facts upon which his conclusions are based. Judicial power cannot be delegated. Where, therefore, a Judge is absent from the Court, and telegraphs to the Clerk to discharge a jury, and the Clerk so does; *Held*, to be error, and the prisoner in such case is entitled to his discharge.

*State* v. *Prince*, 63 N. C. 529. *State* v. *Alman*, 64 N. C. 364. *State* v. *Baker*, 65 N C. 332. *Biggs ex parte*, 64 N. C. 202, cited and approved.

This was an indictment for murder, tried at Warren Superior Court before Watts, Judge, Spring Term, 1871.

The facts upon which the opinion of the Court is rendered, are set forth in the following extracts from the record sent to this Court. "And afterwards, on Tuesday of the second week of the said term, the case is given to the jury at 10 P. M., and his Honor, the Judge presiding, instructing the Clerk to inform him by telegraph of the agreement or failure to agree of the jury before Saturday night following, departs on the said Tues-

day night for his residence in Franklin county.     And on Saturday the last day of the term, the said Beverly Jefferson is again brought to the bar of the Court in the custody of the sheriff, the counsel for the State and prisoner being present, his Honor being continuously absent, and the jury, charged and sworn as aforesaid, report to the Clerk of the Court that they have remained together from Tuesday until the Saturday following at 5 o'clock; that they have not been able to agree and do not believe that they can agree.

Thereupon the Clerk of said Court telegraphs to His Honor at his residence in Franklinton, the said declaration and report of the jury, and shortly thereafter received from His Honor the following dispatch :

FRANKLINTON, N. C., 1871.

*To W. A. White:*

Let a juror be withdrawn and a mistrial be entered. Discharge the jury and let the prisoner be remanded to prison.

S. W. WATTS, J. S. C.

Whereupon the Clerk withdraws a juror, and a mistrial is entered upon the record.     The cause is continued and the prisoner remanded to jail to remain until discharged by due course of law. And at Fall Term, 1871, the counsel for the prisoner moved for his discharge.     Motion overruled.     Appeal to the Supreme Court."

Upon motion of the Attorney General the appeal from the interlocutory judgment was dismissed.

*Attorney General* for the State.
*Busbee & Busbee* for defendants.

PEARSON, C. J.     It is decided *State* v. *Bailey*, 65 N. C. 426, that "an appeal cannot be taken on the State docket to this Court from any interlocutory judgment or order."

It follows that 'the appeal in this case was improvidently allowed and must be dismissed.

But we are of opinion that the question of law in reference to the discharge of the jury, and the motion for the discharge of the prisoner, are fit to be heard in this Court, and that the record of the Court below may be brought up for review by the writ of *certiorari* in the nature of a writ of error. In *Biggs, ex parte*, 64 N. C. 202, it is held that when the matter involves the power of the Superior Court, and error in its exercise, the record may be brought up for review. Under Art. 4, sec. 10, of the Constitution, " The Supreme Court shall have power to issue any remedial writs, necessary to give it a general supervision and control of the inferior Courts."

The matter set out in the record shows probable cause for permitting the prisoner to take a rule on the State to show cause why the writ of *certiorari* should not issue.

This distinguishes it from Bailey's case, for there the matter set out in the record did not show probable cause. We wish also to distinguish it from *Biggs, ex parte*; for there the allegations in the petition for the writ of *certiorari* were deemed sufficient for the order allowing the writ. Here we require a petition in due form, as a foundation for the order; which is the more regular practice, and was only departed from in that case upon its peculiar circumstances.

The prisoner may take a rule to show cause. Appeal dismissed.

PER CURIAM.

A rule was then granted upon petition filed, to show cause why a writ of *certiorari* should not issue. The order for the writ was made, and it was issued to the Clerk of Warren County, who certified a transcript of the record, the same, in all respects, as that which has been set out above.

*Same Counsel* as above.

PEARSON, C. J.   The record of the Superior Court is now brought before us by writ of *certiorari*, and upon review this Court is of opinion, there is error.   The prisoner is entitled to be discharged.   By C. C. P., Sec. 397, it is enacted : " In case the term of a Court shall expire while a trial for felony, &c., shall be in progress, and before judgment shall be given therein the Judge shall continue the term as long as in his opinion it shall be necessary for the purposes of the case."   See *State* v. *Adair, at this term.*  By the cases, *State* v. *Prince*, 63 N. C., 529. *State* v. *Alman* 64 N. C. 364, and *State* v. *Baker*, 65 N. C. 332, it is settled, that in a trial for a capital felony, for sufficient cause, the Judge may discharge the jury and hold the prisoner for another trial.   In which case it is his duty to find the facts, and set them out on the record, so that his conclusion as to the matter of law arising from the facts, may be reviewed by this Court.

As the case was given to the jury on Tuesday of the second week of the Term, we are inclined to the opinion, that had his Honor *remained at the Court*, until Saturday night ready to instruct the jury, and then discharged the jury, after Friday, the fact that the case had been with the jury for four days, and that from declarations of jurors, in the presence of the others and in open Court before him, he was satisfied the jury would not agree, and that it was useless and "not necessary for the purposes of the case" to continue the term longer, and had thereupon discharged the jury, there would have been no error.

But these facts are not found and could not have been found by him judicially ; for it is set out in the record, that he left the Court and went to his residence in Franklin County on Tuesday night, " instructing the Clerk to inform him by telegraph of the agreement or failure to agree of the jury before Saturday night following."   It is further set out, that on Saturday at 5 o'clock P. M., the Clerk informed his Honor by telegraph, that the jury could not agree, and his Honor

instructed the Clerk by telegraph to discharge the jury and remand the prisoner; which the Clerk did.

It was the duty of the Judge to have been personally present in Court, and to find judicially the facts upon which his conclusion to discharge the jury was based.

Judicial power cannot be delegated. This is a fundamental principle of the law. It has been violated. The result is, the prisoner is entitled to be discharged. This Court acting as upon a writ of error, adjudges that the prisoner be discharged and go without day.

PER CURIAM.　　　　　　　　　　　Judgment reversed.