## STATE v. MORRIS LOCKE.

*Appeal—Certiorari—Discharge of Jury before Verdict.*

1. An appeal does not lie from the refusal to discharge a prisoner when a mistrial is ordered. The mode of procedure to have such a case renewed, is by a petition in due form for a writ of *certiorari,* setting forth the grounds of the application.

2. A jury were discharged before verdict, in the trial of a rape case, upon the following facts found by the court: Cause committed to jury on Monday of second week of term; jury kept together until half past ten o'clock Saturday night, when they came into court and were polled, each juror stating that it was impossible for the jury ever to agree; the court finding they could not agree, held it to be unnecessary to prolong the term of the court for the purpose of the trial, ordered a juror to be withdrawn and a mistrial entered, and the prisoner to be remanded to jail; *Held* no error.

(*State* v. *Jefferson,* 66 N. C., 309; *Honeycutt,* 74 N. C., 391; *McGimsey,* 80 N. C., 377, cited and approved )

INDICTMENT for rape tried at Fall Term, 1881, of ROWAN Superior Court, before *Eure, J.*

The prisoner was charged with rape committed upon an infant female under ten years of age, and was put upon his trial at said term. The jury being unable to agree upon a verdict were discharged, the presiding judge directing the following entry to be made of record : " This cause having been committed to the jury on Monday of the second week of the term, who were kept together constantly in consideration of the same until Saturday night of the same week, at the hour of ten and a half o'clock, at which time they come into court and are polled ; and in reply to inquiries made by the court as to the possibility of their agreeing upon a verdict, each juror for himself declares, and all the jurors declare, that it is impossible for them ever to agree on a verdict. Upon the answers to these inquiries made by the court, the court finds that the jury cannot agree to a verdict in this case, and that it is unnecessary to prolong the court for the purpose of this trial, and useless to keep the jury together longer in the consideration of a verdict. It is therefore ordered that a juror be withdrawn and a mistrial had, and that the prisoner be remanded to jail until the next term of this court." Thereupon the prisoner's counsel moved for his discharge, which being refused, he prayed an appeal.

In stating the case on appeal, His Honor says that he found the facts to be as set out in the record, and upon the facts as found, directed the mistrial to be entered.

*Attorney General*, for the State.
*Mr. John S. Henderson*, for the prisoner.

RUFFIN, J. The prisoner's counsel seemed to be aware that the appeal could not be maintained, upon the ground that no appeal will lie from an interlocutory judgment in a

criminal action, and without insisting thereon asked for a rule upon the state to show cause why a writ of *certiorari* should not issue, relying upon the matter set out in the record as sufficient to support his motion.

We feel constrained both to dismiss the appeal and to deny the motion for a *certiorari:* The first, for the reason above suggested, that no appeal will lie in a criminal action except from a final judgment; and the latter, because the practice of this court is to grant writs of *certiorari* only when applied for by petition in due form, setting forth the grounds of the application.    This, it was said in *Jefferson's case*, 66 N. C., 309, is the regular and orderly mode of proceeding, and that it should not be departed from except under peculiar circumstances.

But apart from any mere question of procedure, we are of opinion that the strictest requirements of the law, (as laid down in *State* v. *Honeycutt*, 74 N. C., 391, and *State* v. *McGimsey*, 80 N. C., 377), were all met and fully complied with in the care taken by His Honor to make the record and declare his finding thereon.    Seeing nothing in the case that can possibly constitute a legal defence against the further prosecution of the prisoner, we dismiss his appeal, and overrule his motion for a *certiorari.*

As to the suggestion that His Honor found but the single fact of the inability of the jury to agree, it is unsupported by the statement of the case as prepared by His Honor.    He distinctly states that he found all the facts set out in the record, and that acting upon those facts, as found, he directed the mistrial; and without any such express declaration, it would be so understood from the very manner of making up the record.

PER CURIAM.    Appeal dismissed, certiorari refused.