### \*STATE v. JOHN TWIGGS.

*Appeal—Certiorari—Discharge of jury before verdict.*

1. No appeal lies from an order directing a mistrial and discharging the jury before verdict; and in this case the prisoner is not entitled to the writ of *certiorari* because it is not shown, by the facts set out in his petition, that the jury were improperly discharged.

2. The denial of the *certiorari* does not preclude the prisoner from setting up, on another trial, the defences relied upon in his petition.

(*State* v. *Bailey,* 65 N. C., 426; *State* v. *Jefferson,* 66 N. C., 309; *State* v. *Wiseman,* 68 N. C., 203; *State* v. *Honeycutt,* 74 N. C., 391; *State* v. *McGimsey,* 80 N. C., 377; *State* v. *Locke,* 86 N. C., 647; *State* v. *Washington,* 89 N. C., 535, cited and approved).

INDICTMENT for murder tried at Fall Term, 1883, of RUTHERFORD Superior Court, before *Gilmer, J.*

The prisoner appealed from the ruling of the court below.

*Attorney-General,* for the State.
*Mr. M. H. Justice,* for prisoner.

SMITH, C. J. The prisoner being put upon his trial on his plea of not guilty, and the testimony and argument of counsel having been heard, the jury, after being charged by the court at midday of Wednesday of the second and last week of the term, retired to consider the case and to make up their verdict. They returned into court the next, and again the following day, and declared their inability to come to an agreement, and were directed to return to their room and consult further. They came a third time into court on Saturday and announced the same result. Thereupon the court interrogated the jurors separately as to the probability of their arriving at a verdict, and, receiving the same answer from each, some of them saying they could not agree if kept together a month, and finding and

---

\*Mr. Justice MERRIMON did not sit on the hearing of this case.

adjudging the fact of their inability to come to an agreement, ordered a mistrial and the jury to be discharged.

There was evidence adduced on the trial which the prisoner claimed secured to him the benefits of the amnesty act.

Upon these grounds the prisoner demanded his discharge, and from the refusal of the court to grant it he appeals.

It is settled by a series of adjudications that no appeal lies in a criminal action until after the rendition of final judgment in the cause. *State* v. *Bailey,* 65 N. C., 426; *State* v. *Jefferson,* 66 N. C., 309; *State* v. *Wiseman,* 68 N. C., 203, which were all cases of capital felony, and the error assigned was in discharging the jury without a verdict. This appeal must be disposed of as were the other appeals by an order of dismission. This will be certified.

SMITH, C. J. Failing in his appeal the prisoner applies for the writ of *certiorari* to bring up the record to the end that the correctness of the ruling of the court in refusing his discharge may be examined and determined.

The petition simply states that the jury retired to their room at 1 o'clock P. M., of Wednesday of the last week of the term, and not having agreed, were discharged on Saturday following. No facts are set out to show, nor are any averments made, that this was not a legitimate exercise of judicial power based upon an ascertained inability to agree, which we must assume to be the case upon the rule, *omnia præsumuntur rite esse acta,* until there be evidence or allegations to the contrary. So far from this, the petitioner states that the jury were kept together for four days in consequence of their disagreement, and were only released and allowed to separate on the last day of the term. The petition shows no facts sufficient to warrant the award of the writ.

If we were allowed to look outside of the petition into the case disclosed in the transcript sent up on the appeal, it would furnish no aid in support of the application, for there it appears that the jurors were separately examined and their answers with

the accompanying circumstances convinced the judge, and he so finds the fact to be, that an agreement was impracticable and the longer confinement of the jury would lead to no result. He had, under these circumstances and his finding their inability to arrive at a verdict, the right to order the mistrial. If there had been error in the ruling, the remedy is only by *certiorari* and in this way only can our revisory jurisdiction in such case be exercised. The matter is settled by former adjudications. *State* v. *Jefferson*, 66 N. C., 309; *State* v. *Honeycutt*, 74 N. C., 391; *State* v. *McGimsey*, 80 N. C., 377; *State* v. *Locke*, 86 N. C., 647; *State* v. *Washington*, 89 N. C., 535; and *State* v. *Washington* and *State* v. *Carland*, decided at this term.

The other ground of complaint that the prisoner's case comes within the provisions of the act for amnesty and pardon (acts 1872–'73, ch. 181), and he is entitled to be released, depends upon facts that have not been passed on and ascertained, and in reference to which we have the testimony of the witnesses, and it cannot now be considered.

This defence, if it be well founded, as well as the legal consequences of the disbanding of the jury, may be set up on the trial of the prisoner, if he shall be so advised; and the denial of his present application is not intended, as was said in *Washington's case,* to preclude him from doing so.

Motion denied.