STATE v. JIM *alias* GEORGE GOINGS.

*Appeal—Practice on Arrest of Judgment.*

When a prisoner, against whom a general verdict of guilty had been rendered, on an indictment with two counts, charging offences of different grades, moved in arrest of judgment, and upon refusal of his motion, he appealed to the Supreme Court, where that judgment was reversed, and upon the opinion being certified to the Court below, the prisoner moved for his discharge; *Held*, that an order denying this motion was interlocutory and not appealable— it being open to the Solicitor: (1), to enter a *nol. pros.* as to one of the counts and try on the other; (2), to send a new bill before the grand jury, and ask that prisoner be held until it should be returned; or (3), try upon the old indictment, and elect after the evidence was in, upon which count he would ask a verdict.

MOTION for the discharge of a prisoner in an indictment, in two counts, for larceny, and receiving a stolen horse, heard before *Clark, J.*, at January Term, 1888, of the Superior Court of ROCKINGHAM.

There had been a general verdict of guilty at the preceding term; the prisoner moved in arrest of judgment; the motion was refused, and judgment rendered against prisoner.

In this Court the judgment below was declared erroneous, and this decision being certified, defendant moved for his discharge. His motion was denied, and prisoner again appealed.

*Attorney General*, for the State.
No counsel for the defendant.

MERRIMON, J. When this case was before us at the last term, (*State* v. *Goings*, 98 N. C., 766,) we decided that the judgment therein was erroneous, and, in effect, that no judgment could be rendered upon the verdict, for the reasons

then stated. The verdict was nugatory, and the Court should have set it aside; but if it had done so, it would not have followed, as a necessary consequence, that the prisoner should be discharged. The Solicitor for the State might have entered a *nolle prosequi,* as to one of the two counts in the indictment, and tried him upon the other; or he might have sent a fresh bill of indictment before the grand jury, and have asked that the prisoner should be held until they could take action; or the prisoner might have been put upon his trial upon the present indictment, the Court requiring the Solicitor, at the close of the introduction of evidence on the trial, to elect upon which count of the indictment he would insist upon a verdict. *State* v. *McNeill,* 93 N. C., 552.

The order of the Court denying the motion of the prisoner that he be discharged, was simply interlocutory—it did not determine the action, because of the reasons stated above. He might have excepted to the order, if he saw fit, and had his exception noted in the record, so that, if need be, he could have the benefit of it upon appeal from the final judgment.

The action is pending before the Superior Court, to be disposed of in some such way as suggested above, and if this shall not be done in the course of procedure, the prisoner will have the right to ask to be discharged, upon the ground that the State fails to prosecute regularly and diligently as it should do.

The appeal was improvidently taken, and must be dismissed.

It is so ordered. Appeal dismissed.