STATE v. BIRD SCRUGGS et al.

*Indictment for Murder—Practice in Criminal Cases—Withdrawing Jurors—Mistrial—Jury.*

1. No appeal lies in a criminal action until after the rendition of final judgment.

2. In the trial of a capital felony the Judge may, for sufficient cause, discharge the jury and hold the prisoner for a new trial.

3. A less number than twelve men is not a lawful jury for the trial of an indictment, and a trial by jury in a criminal action cannot be waived by the accused.

4. Where, after the empaneling of a jury in the trial of an indictment for murder, and the beginning of testimony, a juror became too ill to continue as such, and the defendant offered to proceed with a jury of eleven men, or to select another juror either from the special venire, which had not been exhausted but had been discharged, or from the bystanders, and the Solicitor declined all the suggestions, it was the duty of the Judge to direct a mistrial and hold the prisoner.

5. *Semble*, it might, in such case, have been permissible for the Judge to call a new juror and begin the trial anew, but whether he should do so was entirely within his discretion.

This was an indictment for murder, tried before *Boykin, J.*, and a jury, at Spring Term, 1894, of RUTHERFORD Superior Court.

A special venire was returned by order of the Court, and a jury selected and empaneled. The State's witnesses had been sworn and one of them had begun to testify. He was interrupted by one of the jurors, who stated that he was sick and unable to continue to serve as a juror.

He was examined at length by the Court touching his physical condition. He declared that he had been attacked by sickness; that he could not sit on the case as a juror by reason of his illness, and that it was necessary that he be excused. The Court therefore found as a fact that the juror

was unable by reason of his sickness to continue to serve as a juror in the case.

The prisoner's counsel offered to proceed with eleven jurors. The Solicitor for the State refused to so proceed. The prisoner's counsel then proposed to select another juror from the special venire, which had not been exhausted. The Solicitor declined the proposition, the said venire having been discharged and their names having become confused and commingled with those already passed on. Then the prisoner's counsel offered that the Sheriff should call from the bystanders and a juror be selected from them, but the State did not accept the suggestion.

Thereupon, the Court excused the sick juror and ordered a mistrial and a new trial. The prisoners moved for their discharge. The Court refused to discharge them. Prisoners excepted and appealed.

*Attorney General,* for the State.
*Messrs. Justice & Justice,* for defendants (appellants).

MacRae, J.: No appeal lies in a criminal action until after the rendition of final judgment in the cause. *State* v. *Twiggs,* 90 N. C., 685. If the case were properly before us, as on an application for a *certiorari,* we should find no ground for granting the writ, for it has long been settled that, in a trial for a capital felony, for sufficient cause the Judge may discharge the jury and hold the prisoner for another trial. In which case it is his duty to find the facts and set them out in the record, so that his conclusion as to the matter of law arising from the facts may be reviewed by this Court. *State* v. *Jefferson,* 74 N. C., 309. All this his Honor did, and it will serve no good purpose for us to do more than to say that, upon the facts found, it was the duty of his Honor to direct a mistrial and hold the prisoner. The jury provided by law for the trial of indictments is composed of twelve men;

a less number is not a jury, and a trial by jury in a criminal action cannot be waived by the accused. *State* v. *Stewart,* 89 N. C., 563. While it might have been permissible to call another juror in place of the one who was sick, and begin the trial anew, it was a matter in the control of the presiding Judge, who we doubt not for good reasons pursued the regular course.                    Appeal Dismissed.