STATE v. LAURA BOST.

(Decided December 22, 1899.)

*Assault—Right to Chastise—Loco Parentis—Practice on Appeals—Criminal Courts—Superior Courts.*

1. A person standing in *loco parentis* has the right to chastise the child, provided it is done with moderation, and for correction.

2. Where there is a conflict of evidence as to the relations existing between the parties, it is not error to leave it to the jury to find whether they were such as authorized the defendant to chastise the child.

3. On appeal from the Criminal Court to the Superior Court, the trial is not *de novo*, but only upon exceptions as to law. *State v. Hinson*, 123 N. C., 755.

4. In the Act 1899, chap. 471, creating the Eastern District Criminal Court, the right of appeal is given to the State, or the prisoner to the Supreme Court, from the ruling of the Superior Court, reversing or modifying the decision of the Criminal Court. Apparently through inadvertence, the right of appeal to the State is omitted in the Western District Criminal Court.

5. When the State appeals from a ruling of the Superior Court reversing a decision of the Criminal Court, the prisoner, if he has other exceptions upon which he relies, in addition to the one decided in his favor, should have those exceptions also passed on, so that, if ruled against him, he may also appeal to the Supreme Court—this as a matter of safety and precaution, to entitle him to have those exceptions passed on by the appellate court.

6. There is no reason why both State and prisoner may not append their exceptions with notice of appeal and bond of defendant, and both appeals come up in one transcript.

INDICTMENT for assault with deadly weapon, tried before *Battle, J.*, at April Term, 1899, of the Eastern District Criminal Court of MECKLENBURG County.

STATE *v.* BOST.

The defendant was indicted for beating and abusing Janie Kendrick, a child 10 years old. The defense was, that the child lived with the prisoner, who stood in *loco parentis* to her, and that prisoner chastised her for misconduct. The evidence was somewhat conflicting as to the relation in which the parties stood towards each other, and his Honor submitted that question to the jury. Defendant excepted. The defendant was convicted and judgment of imprisonment rendered, from which she appealed to Superior Court. The appeal came on to be heard before *Coble, J.,* at Superior Court of Mecklenburg County, 29th April, 1899, who sustained the exception of defendant to the ruling of his Honor, *Battle, J.,* and granted a new trial. The exception was to the effect, that upon the evidence adduced, his Honor himself should have decided whether defendant had a right to chastise the child, and not submitted it as a question for the jury. There were other exceptions taken by the prisoner, which were not passed on by the Superior Court.

The State appealed from the ruling granting a new trial.

The evidence is collated in the opinion, and the practice to be observed in appeals in criminal cases is indicated.

*Mr. Brown Shepherd,* for the Attorney-General, for the State.

*Messrs. Clarkson & Duls,* for the defendant.

CLARK, J. The defendant, convicted in the Eastern District Criminal Court, for an assault upon and brutal treatment of a 10-year-old girl, appealed to the Superior Court of Mecklenburg County, assigning three errors in the charge, and that the judgment of imprisonment for 12 months in the county jail was erroneous. In the Superior Court, the first assignment of error was overruled, the second was sustained,

and a new trial ordered, and as to the other two exceptions, they were probably abandoned, as no ruling is set out. If made, it must have been favorable to the State, as it is not excepted to. The defendant must have been content and willing to rest her case upon the exception held against the State, as she does not appeal.

The exception that was sustained was that the Judge of the trial court charged the jury that it was a question of fact for them to say whether, under all the evidence, the defendant stood in *loco parentis,* or in the place of a parent to the girl. There was evidence tending to show that she did, but on the other hand, it was in evidence that the girl's mother was living, and resided only one and a half miles off, and though the girl had lived the last two years with the defendant, and most of the time before that she had taken care of the girl, but the people around gave her clothing, that what she got to eat the defendant gave her, but it was not much. The relations of the girl to the defendant were not so definite that the Judge erred in leaving it to the jury to find whether they were such as authorized the defendant to chastise the girl as her mother would be so authorized. Besides, if there had been error in this regard, it would have been harmless error, for the mother herself would have had no authority to visit such barbarity upon the child. There was error in the Superior Court sending the case back for a new trial on that ground.

This casts upon the Court the duty of determining the practice to be followed when an appeal is taken to this Court from the rulings of the Superior Court, upon an appeal to that court from the Criminal Court.

In *State v. Hinson,* 123 N. C., 755, it is held that on an appeal from the Criminal Court to the Superior Court the trial is not *de novo,* but only upon exceptions as to law. Code, sec. 809.

In *State v. Davidson,* 124 N. C., 839, it is said: "As the appeal to the Superior Court (from the Criminal Court), and its decision thereon, are purely upon questions of law (*State v. Hinson,* 123 N. C., 755), it would seem that the State should be entitled to an appeal to this Court from the judgment of the Superior Court, but the Legislature, by inadvertence, has so far failed to so provide in The Code, sec. 1237." This inadvertence is cured in the act creating the Eastern District Criminal Court, Laws 1899, chap. 471, sec. 5 whereof provides that appeals shall lie from said court to the Superior Court only on matters of law or legal inference, and the statement of the case on appeal shall be made up in the same manner as appeals from the Superior Court to the Supreme Court, and sec. 6 provides that when such appeal is taken on any question of law or legal inference, and the Judge of the Superior Court "shall reverse or modify the decision of the Criminal Court from which the cause was appealed, the State or the prisoner shall be entitled and allowed to appeal directly to the Supreme Court from the decision of any such Judge as aforesaid." If the defendant had wished us to review the ruling of the Judge adverse to her, she should have brought up her appeal. We can not review in this appeal any ruling of the Judge not excepted to.

As to the other two exceptions raised by the defendant's exceptions on the appeal to the Superior Court, we must assume that the defendant abandoned them, or at least was satisfied with the Judge's action or non-action, for she did not ask the Judge to rule thereon. Having failed to do so, when requested, or to rule favorably to her, the defendant should have appealed. These appeals from the Superior Court to this Court being upon rulings of the Judge of the Superior Court upon "matters of law or legal inference;" his rulings can only be reviewed by exceptions made by "the party

STATE *v.* BOST.

aggrieved," and when no ruling is set out, the Judge is presumed to have adopted the rulings of the Judge of the court below him, as is the case with the rulings of the Judge upon the judgment of the clerk or report of a referee.   It would be an anomaly to require either the defendant or the State, when appealing to this Court from an adverse ruling of the Judge of the Superior Court, to bring up for review the rulings made in favor of the appellant. *Montana v. Warren,* 137 U. S., 348.

In this case, we have, however, examined the other exceptions which were not expressly passed upon by the Judge of the Superior Court (so far as the record shows) and find no error in the Criminal Court in regard thereto that the Judge of the Superior Court should have sustained them.   As the original transcript of the case on appeal from the Criminal Court to the Judge comes up to this Court with merely the addition of the rulings of the Judge, the exceptions of the appellant, notice of appeal, and the appeal bond (or leave to appeal without bond), there is no reason why both parties may not append their exceptions with the notice of appeal, and the appeal bond of the defendant, and both appeals come up on the one transcript.   This rule is otherwise on appeals from trials in the Superior Court (*Jones v. Hoggard,* 107 N. C., 349; *Perry v. Adams,* 96 N. C., 347), because the matters occurring on the trial, excepted to by one appellant, are different from the matters excepted to by the other, though the "record proper" is the same in both appeals.

The judgment of the Superior Court is

Reversed.

DOUGLAS, J., dissents.