STATE *v.* EUGENE WEBB.

(Filed 19 April, 1911.)

1. Trial, "Speedy"—Constitutional Law.

The right of a person formally accused of a crime to a "speedy and impartial" trial has been guaranteed to Englishmen since Magna Charta, and is embodied in the Sixth Amendment to the Federal Constitution; and a like provision is substantially made in our own and other State constitutions.

2. Same—Legislative Definition.

The word "speedy," as used in these instruments and as relevant to this question, is a word of indeterminate meaning, permitting, to some extent, legislative definition.

3. **Same—Treason or Felony—Right of Accused—Interpretation of Statutes.**

   Section 3155 of Revisal, providing in substance that one formally accused and committed for treason or felony shall, on demand properly made, be indicted and tried on or before the second term of court ensuing the commitment, or be discharged from imprisonment, is peremptory in its requirements; and where one so committed has formally complied with the provisions of the statute, it is the duty of the court to discharge the prisoner.

4. **Appeal and Error—Trial, "Speedy"—Habeas Corpus—Procedure.**

   *Habeas corpus* will not lie to review the lower court in refusing to discharge a prisoner from custody under Revisal, sec. 3155, upon the alleged error that a "speedy" trial under the conditions therein named was not given him.

5. **Appeal and Error—Trial, "Speedy"—Appellate Powers—Constitutional Law.**

   Article IV, sec. 8, of our State Constitution, providing that "the Supreme Court shall have jurisdiction to hear, upon appeal, any decision of the court below, upon any matter of law or legal inference," is only designed and intended to confer general appellate power on the court to be exercised under recognized and established forms and writs, or according to methods provided by the Legislature.

6. **Appeal and Error—Criminal Prosecution—Final Judgment.**

   No statutory appeal in ordinary form lies in a criminal prosecution except from a final judgment of conviction or on plea of guilty duly entered.

7. **Appeal and Error—Writ of Error—Statutory Appeal.**

   With us, the statutory appeal takes the place of the old writ of error, which only issued in review of final judgments.

8. **Appeal and Error—Trial, "Speedy"—Certiorari—Procedure.**

   A *certiorari* is the proper procedure to review the order of the lower court in refusing to discharge a prisoner from custody under the provisions of Revisal, sec. 3155.

9. **Appeal and Error—Trial, "Speedy"—Final Judgment—Procedure.**

   The defendant was committed by a justice of the peace for a felony, and on the last day of the next subsequent term of the court the action was continued on motion of the State for the absence of a material witness from sickness, whereupon the defendant, having given notice in open court, appeared and demanded that a bill of indictment be found at the next subsequent term, and that he be tried then, and that if an indictment were not then found he would pray for his discharge, which was

done accordingly and the case further continued to the next term, owing to the continued sickness of the witness. *Held*, there being no final judgment, an appeal would not lie from the refusal of the motion by the lower court.

APPEAL from *Daniels, J.,* at the January Term, 1911, of DURHAM.

Criminal action for assault with intent, etc., heard on motion to. discharge defendant from imprisonment. The statute upon which the motion was chiefly predicated, Revisal 1905, sec. 3155, is in terms as follows: "When any person who has been committed for treason or felony, plainly and specially expressed in the warrant of commitment, upon his prayer in open court to be brought to his trial, shall not be indicted some time in the next term of the Superior or criminal court ensuing such commitment, the judge of the court, upon notice in open court on the last day of the term, shall set at liberty such prisoner upon bail, unless it appear upon oath that the witnesses for the State could not be produced at the same term; and if such prisoner, upon his prayer as aforesaid, shall not be indicted and tried at the second term of the court, he shall be discharged from his imprisonment." On the hearing it was made to appear: "That the defendant was committed to jail of Durham County by a justice of the peace on 24 September, 1910; that on the last day of said December term of this court, which was 10 December, 1910, the above-entitled action was continued on motion of the State on account of the absence of Mrs. Ella Newton, who at that time was pregnant and was about to be confined, and unable to attend court, which appeared from the certificate of a reputable physician, and because she was the only witness as to the facts of the assault. The defendant, on the last day of said term, having given notice in open court, appeared and demanded that a bill of indictment be found and the defendant tried at the next succeeding term, which is the present term, which began on 9 January, 1911; that if a bill of indictment was not found he would pray for his discharge at the said term. That at the second term, the defendant, in accordance with the said notice, moved the discharge of the defendant, no true bill having been found. The solicitor for

the State moved for a continuance on the ground that Mrs. Ella Newton has been confined and was unable to leave her home and attend court. She was confined on the 13th day of December, as shown from the evidence herewith sent of her husband, J. W. Newton. The court finding as a fact that she was confined on the 13th day of December, 1910, and that she is not sufficiently recovered to be able to attend court at this term and to leave her home," the court entered judgment denying the motion, and defendant excepted and appealed.

*Attorney-General T. W. Bickett and G. L. Jones, Assistant Attorney-General, for the State.*
*Manning & Everett for defendant.*

HOKE, J. The right of a person formally accused of crime to a speedy and impartial trial has been a right guaranteed to Englishmen since Magna Charta and to all peoples basing their system of jurisprudence on the principles of common law. The Charter of Henry III., proclaimed in further assurance of the former and to make it in some respects more specific on this especial subject, concludes as follows: "We will sell to no man; we will not deny or defer to any man either justice or right." Creasy on the English Constitution, pp. 134 and 135 and note. The principle is embodied in the Sixth Amendment to the Federal Constitution and in some form is contained in this and most of our State constitutions; all of them, so far as examined. The term "speedy," being a word of indeterminate meaning and permitting, therefore, to some extent, of legislative definition *(Ferrall v. Ferrall,* 153 N. C., 174) ; the Legislatures of this and several other States have enacted statutes on the subject the same or similar to that presented here, and while the question has not been before our Court, the construction which has generally obtained in other jurisdictions is to the effect that the law is peremptory in its requirements, and where a prisoner has brought his case within its provisions he is entitled to his discharge. *People v. Morena,* 85 Cal.; *S. v. Kuhn,* 154 Indiana, 450, etc. The construction further being that in statutes expressed at this one is, the effect is to require simply that the prisoner be discharged from custody, and not

that he go quit of further prosecution.   12 Cyc., p. 500, note 16,
citing *S. v. Garthwaite,* 23 N. J. L., p. 143, and other cases in
support of the statement.

While the ruling of the court below, on authority, would seem
to be erroneous, the appeal of the defendant must be dismissed
because, in this State, no appeal in ordinary form lies in a
criminal prosecution except from a judgment on conviction or
on plea of guilt duly entered.   Revisal 1905, secs. 3274, 3275.
It would lead to interminable delay and render the enforcement
of the criminal law well-nigh impossible if an appeal were
allowed from every interlocutory order made by a judge or court
in the course of a criminal prosecution, or from any order
except one in its nature final.   Accordingly, it has been uni-
formly held with us, as stated, that an ordinary statutory
appeal will not be entertained except from a judgment on con-
viction or some judgment in its nature final.   *S. v. Lyon,* 93
N. C., 575; *S. v. Hinson,* 82 N. C., 540; *S. v. Jefferson,* 66
N. C., 309; *S. v. Bailey,* 65 N. C., 426; *William Biggs,
ex parte,* 64 N. C., 202.   In some of these decisions, as in
*S. v. Jefferson, supra,* the very question presented was the
right of a prisoner to be discharged from custody, and
*Pearson, Chief Justice,* delivering the opinion dismissing
the appeal, quoted with approval from *Bailey's case* as
follows: "An appeal cannot be taken on the State docket to
this Court from any interlocutory judgment or order," and then
said: "It follows that the appeal in this case was improvi-
dently allowed, and must be dismissed."   It is only to a very
limited extent that such an appeal is allowed in civil cases, and
these in cases restricted and very clearly defined.   The case of
*Ledford v. Emerson,* 143 N. C., 535, to which we were referred
in the argument, was on the civil docket, and the order there
was in its nature final.   Nor would a *habeas corpus* in the
present instance afford an efficient remedy.   That writ, as
noted in the recent case of *Tinner Holley, In re,* 154 N. C., 163,
is not used in this State as a writ by which errors may be re-
viewed.   The very question presented, in the court below, was
on the right of a prisoner to his discharge from custody, and
one judge of equal or concurrent jurisdiction would have no

power to review the decision of another. The case, then, is clearly one to be reviewed under the provisions contained in Art. IV, sec. 8, of the Constitution, conferring on this Court the power "to issue any remedial writs necessary to give it general supervision and control over the proceedings of the inferior courts." The entire section being as follows: "The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the courts below, upon any matter of law or legal inference. And the jurisdiction of said Court over 'issues of fact' and 'questions of fact' shall be the same exercised by it before the adoption of the Constitution of 1868, and the Court shall have the power to issue any remedial writs necessary to give it a general supervision and control over the proceedings of the inferior courts."

It is suggested and urged that an appeal lies under and by virtue of the first clause of this section, "The Supreme Court shall have jurisdiction to hear, upon appeal, any decision of the court below, upon any matter of law or legal inference," etc.; but the clause in question is only designed and intended to confer general appellate power on the Court, to be exercised under recognized and established forms and writs, or according to methods provided by the Legislature. The statutory appeal, with us, takes the place of the old writ of error, which only issued in review of final judgments (Clark Criminal Procedure, p. 500; *Rush v. Steamboat Co.,* 68 N. C., 72); and there being no provision made by statute for cases like the present, under *Holley's case, supra,* and other cases mentioned, and many more could be cited, it is established that the proper writ to review the order of his Honor is the writ of *certiorari,* the same to be applied for in accordance with law and the course and practice of the court. The statute in question here was enacted in 1868, at a time when very few of our counties had court oftener than twice a year, and it is a suggestion worthy of consideration whether, under the changed conditions which now prevail, some safeguarded modifications of this legislation may not be desirable. For the reason stated, the appeal of defendant must be dismissed, and it is so ordered.

Appeal dismissed.