STATE v. J. W. FORD.

(Filed 23 December, 1914.)

1. **Appeal and Error—Fragmentary Appeals—Directing Verdict "Not Guilty"—Order Striking Out Entry—Mistrial—Discretion of Court—Interpretation of Statutes.**

Where the judge has ordered the entry to be made by the clerk of a verdict of not guilty on the trial of a criminal case, for a variance between the offense charged in the indictment and the proof, but conceiving his action to be erroneous, he then, in the presence of the jury, still sitting on the case, directs the clerk to strike out the entry and, withdrawing a juror, directs a mistrial, it is *Held*, that the order of the judge striking out the verdict of not guilty left the case in exactly the same attitude it was before the entry of such verdict, and the withdrawal of a juror and order of mistrial, being in the discretion of the court, except in capital cases, are not reviewable.

2. **Same—Fragmentary Appeals.**

An appeal is fragmentary from an order of the trial judge to the clerk to strike out a verdict of not guilty in a criminal case, which the judge had directed to be entered, but subsequently, when the jury is still sitting on the case, it is stricken out by the order of the court, and the appeal will be dismissed; for in such instances the acts of the court are analogous to his rulings upon evidence or like matters during the progress of the trial.

WALKER, J., dissenting.

APPEAL by defendant from *Justice, J.,* at August Term, 1914, of CHEROKEE.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*

*W. M. Axley and Witherspoon & Witherspoon for defendant.*

CLARK, C. J.   The defendant was indicted on three counts: for larceny of lumber, for embezzlement of money, and for obtaining money by false pretense, all from J. M. English.   Prior to the trial the defendant moved the court to require the State to furnish a bill of particulars on the third count charging false pretense.   The State having failed to comply with this order, the court refused to allow the prisoner to be tried on that count.

Pending the trial it was suggested by the defendant's counsel that there was a variance, in that the bill laid the property in J. M. English, while the evidence showed that the ownership was in J. M. English & Co. The court intimated that the variance would be fatal, whereupon the solicitor asked the court to hold the defendant and allow him to send a new bill, which request was granted by the court, and the court ordered a verdict of not guilty, and charged the sheriff to hold the defendant under a $500 bond.   But the solicitor requested the court to strike out the order for the verdict of not guilty which had been entered by the clerk, and the court then in the presence of the jury, who had not been discharged, and in the presence of the defendant and his counsel, and in its discretion, struck out the verdict of not guilty, and also in its discretion withdrew a juror and ordered a mistrial.

The appeal is premature.   In *S. v. Webb,* 155 N. C., 430, the Court said: "The appeal of the defendant must be dismissed because, in this State, no appeal in ordinary form lies in a criminal prosecution except from a judgment on conviction or on a plea of guilty duly entered. Revisal, 3274, 3275.   It would lead to interminable delay and render the enforcement of the criminal law well-nigh impossible if an appeal were allowed from every interlocutory order made by a court or a judge in the course of a criminal prosecution, or from any order except one in its nature final.   Accordingly it has been uniformly held with us, as stated, that an ordinary statutory appeal will not be entertained except from a judgment on conviction, or some judgment in its nature final."   To same purport, *S. v. Goings,* 100 N. C., 504.

Formerly in this State the State was allowed to appeal from a verdict of not guilty in criminal cases.   *S. v. McLelland,* 1 N. C., 632; *S. v. Haddock,* 3 N. C., 162.   But for many years now the statute has restricted appeals by the State to the cases named in Revisal, 3276, except that appeals have been allowed the State from a verdict of not guilty in certain courts, as in *S. v. Bost,* 125 N. C., 707; *S. v. Mallett, ib.,* 724. If the statute should again permit an appeal from a verdict of not guilty,

of course then it might be allowable for the trial judge to set aside the verdict without the necessity of an appeal; but that is not contended for by the State in this case.

It is true that a verdict of not guilty can be set aside in case of fraud, as in *S. v. Freeman,* 66 N. C., 647; *S. v. Swepson,* 79 N. C., 632; but that also is by no means the proposition now before us.

In this case there has been no action whatever by the jury. The judge, upon a mistaken impression, possibly, as to the legal effect of the evidence as to a variance, directed a verdict to be entered. The jury took no action. The direction was that of the judge, just as would be his action in admitting or rejecting evidence, or in charging or refusing to charge the jury upon a proposition of law. In either of these cases he could, before the jury acted, withdraw or admit the evidence, or change his instruction. So here, the jury having taken no action, being entirely passive, and not having left the box, the judge, under the impression that he had erred as to his conclusion that there was a variance which entitled the defendant to an acquittal, struck out the order (which had been made to the clerk and not to the jury) to enter a verdict of not guilty. Having done this, the case was in exactly the same attitude that it was before he directed the clerk to make the order, and being in that condition, the order for a mistrial was entirely a matter in his discretion, as this is not a capital case. *S. v. Hunter,* 143 N. C., 607; *S. v. Scruggs,* 115 N. C., 805. An appeal does not lie from an order for a mistrial (*S. v. Twiggs,* 90 N. C., 685; *S. v. Jefferson,* 66 N. C., 309; *S. v. Bailey,* 65 N. C., 426), because it is a discretionary matter.

Under the original procedure at common law defendants in criminal cases were not allowed the benefit of counsel to address the jury, nor compulsory process to summon witnesses in their behalf, nor to cross-examine the witnesses, in any of the two hundred and four offenses which were punishable by death. Under these circumstances, the slowly growing humanity of the times induced the judges to create many artificial advantages in favor of prisoners charged with high crime. But these discriminations in favor of defendants did not usually apply to offenses punishable less than capitally, and even as to them the reason for the discrimination has long since ceased to exist. Yet the shadow of the remembrance too often biases a clear perception of the nature of proceedings in criminal actions. In *Paraiso v. United States,* 207 U. S., 368, *Mr. Justice Holmes,* speaking of this singular survival of former technicalities in favor of defendants, characterizes it as "the inability of the seventeenth century common law to understand or accept a pleading that did not exclude every misinterpretation capable of occurring to intelligence fired with a desire to pervert."

Here the jury has taken no action. The judge, though he deemed, as a matter of law, that there had been a variance which entitled the defendant to a verdict of not guilty, did not so instruct the jury, and the jury did not so return their verdict. But he directed the clerk to act for the jury by entering a verdict of not guilty. This, strictly, he had no right to do, and the practice has been tolerated only from the fact that the State has no right to appeal. This judge, discovering his mistake, directed the clerk to strike out the entry before the jury had even tacitly accepted the instruction by leaving the box. The defendant had suffered no harm. The jury had not acted and the court rescinded its action before they had left the box. The judge then, exercising his undoubted discretion, in all except capital cases, made a mistrial.

Appeal dismissed.

WALKER, J., dissenting: I do not understand the facts to be as stated in the opinion of the Court. The judge held that there was a variance, and directed a verdict of acquittal, there being no dissent by the jury. This is common practice on the circuit and has been sanctioned by this Court. Whether the judge was right or wrong, the verdict of not guilty having been entered, it cannot be stricken out, at least against the consent of the defendant, and he cannot be tried on that indictment again. It will be noticed that if it is stricken out, there will be no verdict left, though the jury had been fully charged with the case. The judge could not order a mistrial, which occurs always before verdict, but a new trial, and this could not be done, under the circumstances of this case. We cannot avoid the legal effect of the court's action by calling it by the wrong name—a mistrial. I have no time, in the closing hours of the Court, to cite the authorities and demonstrate what I think is the clear error of the Court.