STATE OF NORTH CAROLINA v. CHARLES E. JOHNSON, ALIAS CHARLES
E. JONES, AND HERMAN NATHANIEL McCOY

No. 687SC236

(Filed 15 January 1969)

**1. Criminal Law § 75— admissibility of pre-Miranda confession at post-Miranda trial**

In a trial which began in 1968 after the decision of *Miranda v. Arizona*, 384 U.S. 436, the court properly admitted incriminating statements made by defendants to police officers during an in-custody interrogation in 1963, notwithstanding the officers failed to advise defendants that they had a right to have an attorney present during the interrogation and that they had a right to an appointed counsel if they were indigent, where the police officers complied with constitutional standards applicable at the time the statements were made.

**2. Constitutional Law § 30— speedy trial**

The fundamental law of.this State grants to every accused the right to a speedy trial.

**3. Constitutional Law § 30— speedy trial**

There is no statutory formula dictating the time within which a criminal trial must be had.

**4. Constitutional Law § 30— speedy trial**

Whether an accused has been granted or denied a speedy trial is to be determined in the light of the facts and circumstances of each particular case, and absent a statutory standard, what is a fair and reasonable time is within the discretion of the court.

**5. Constitutional Law § 30— speedy trial — convicts and prisoners**

The fact that the accused is in prison serving time for another offense does not mitigate against his right to a speedy trial.

**6. Constitutional Law § 30— speedy trial — factors considered**

The four interrelated factors to be considered in determining whether defendant has been denied his constitutional right to a speedy trial are: (1) the length of delay, (2) the reason for the delay, (3) prejudice to defendant, and (4) waiver by defendant.

**7. Constitutional Law § 30— speedy trial — necessity for request and showing of prejudice**

In this prosecution for an offense of armed robbery which occurred in October 1963, warrants for this offense were issued and read to defendants on 1 November 1963 while they were in jail awaiting trial on charges pending in two other counties, defendants entered pleas of guilty to the charges in those counties in November and December 1963 and began serving prison sentences, detainers were filed with the Department of Correction in October 1967 and defendants were so notified, indictments against defendants were returned in November 1967, counsel was appointed in January 1968, and the trial was had in March 1968. *Held:* Defendants

were not denied their rights to a speedy trial by the delay of four years and four months between the issuance of the warrants and the trial where defendants, having knowledge of the warrants, made no request to be brought to trial, there is no evidence that any prospective defense witness could not be located for the trial, and the indictment was not returned earlier because a third person was being sought as a suspect in the crime.

**8. Constitutional Law § 30— waiver of speedy trial**

An accused waives his right to a speedy trial unless he demands it.

**9. Constitutional Law § 30— speedy trial — prejudice — possibility of concurrent sentence at earlier trial**

In an armed robbery prosecution, a delay of some four years and four months between the issuance of the warrant and the trial did not prejudice defendants by reason of the possibility that the trial judge at an earlier trial might have allowed their sentences for this offense to run concurrently with sentences for other offenses to which defendants pled guilty shortly after the warrants in this case were issued, that being a matter within the sound discretion of the trial court.

APPEAL by defendants from *Parker, J.,* 25 March 1968 Session of Superior Court of NASH.

On 1 November 1963, warrants for the arrest of defendants for the alleged offense of armed robbery were issued by the Clerk of the Nash County Recorder's Court. Defendants were, at that time, in the Wilson County jail in connection with offenses committed in Wilson County on 23 October and 28 October and an offense committed in Edgecombe County on 31 October 1963. The offense for which the Nash County warrants were issued occurred on 25 October 1963. Defendants pled guilty to the Edgecombe County and Wilson County charges and were sentenced therefor at November 1963 and December 1963 Sessions of Superior Court and began serving the sentences. On 1 November 1963 the Sheriff of Nash County with two deputies talked with defendants in the Wilson County jail. At that time the warrants were read to defendants but not served on them. Nothing further was said or done about the Nash County charges until the Nash County Sheriff filed a detainer against the defendants on 29 September 1967. The Nash County orders and detainers and warrants were received by the Department of Correction on 2 October 1967 and copies sent to defendants. Indictments were sent to the grand jury at November Session 1967, and true bills were returned charging defendants with the offense of armed robbery on 25 October 1963. At 29 January 1968 Session of Nash County Superior Court, counsel was appointed for defendants. Appointed counsel moved for continuance in order to have time

to prepare for trial. The motion was granted, and defendants were tried at the March 1968 Session, the next session of court. Not guilty pleas were entered. The jury returned a verdict of guilty as charged in the bill of indictment. At trial, defendants moved to dismiss for that their right to a speedy trial was violated. After hearing evidence, the court entered an order finding facts and denying the motion. On appeal defendants assign as error the court's denial of the motion to dismiss and the court's admitting into evidence, over objection, the alleged confessions of defendants.

*Attorney General T. W. Bruton by Deputy Attorney General Ralph Moody for the State.*

*Cleveland P. Cherry for defendant Charles E. Johnson, alias Charles E. Jones, appellant.*

*R. C. Boddie for defendant Herman Nathaniel McCoy appellant.*

MORRIS, J.

[1]   Defendants contend that the trial court erred in admitting, over their objection, evidence with respect to statements made by defendants to the Nash County officers when they talked with defendants in the Wilson County jail on 1 November 1963. At that time, defendants were not advised that they had a right to have an attorney present during the interrogation and that they had a right to an appointed attorney if they were indigent. This, defendants argue, violates the guidelines of *Miranda v. Arizona*, 384 U.S. 436, 16 L. ed. 2d 694, 86 S. Ct. 1602, and that since this interrogation took place prior to *Miranda* and the trial began subsequent to *Miranda*, the statements are inadmissible. The North Carolina Supreme Court, in *State v. Jessie B. Lewis*, 274 N.C. 438, 164 S.E. 2d 177, in an opinion written by Justice Bobbitt, said:

> "In our view, Miranda should not and does not apply to confessions obtained prior to that decision, when offered at trials or retrials beginning thereafter, where law enforcement officers relied upon and complied with constitutional standards applicable at the time the confessions were made."

There is no contention that the law enforcement officers in any way failed to comply with constitutional standards applicable at that time. On the contrary, the evidence is plenary that they did. The court did not err in admitting the statements complained of.

Defendants further contend that the court committed error in

denying their motions to dismiss for that the constitutional guaranty of a speedy trial had been denied them.

[2]    The fundamental law of this State grants to every accused the right to a speedy trial. In *State v. Lowry and State v. Mallory,* 263 N.C. 536, 542, 139 S.E. 2d 870, the Court quoted the following from *State v. Patton,* 260 N.C. 359, 132 S.E. 2d 891:

> "The right of a person formally accused of crime to a speedy and impartial trial has been guaranteed to Englishmen since Magna Carta, and the principle is embodied in the Sixth Amendment to the Federal Constitution, and in some form is contained in our State Constitution and in that of most, if not all, of our sister states, or if not, in statutory provisions. *S. v. Webb,* 155 N.C. 426, 70 S.E. 1064 . . .
>
> G.S. 15-10, entitled 'Speedy trial or discharge on commitment for felony,' requires simply that under certain circumstances 'the prisoner be discharged from custody and not that he go quit of further prosecution.' *State v. Webb, supra.*
>
> The Court said in *Beavers v. Haubert,* 198 U.S. 77, 49 L. Ed. 950, 954: 'The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.'
>
> The constitutional right to a speedy trial is designed to prohibit arbitrary and oppressive delays which might be caused by the fault of the prosecution. *Pollard v. United States,* 352 U.S. 354, 1 L. Ed. 2d 393; *State v. Hadley,* Mo., 249, S.W. 2d 857. The right to a speedy trial on the merits is not designed as a sword for defendant's escape, but a shield for his protection."

[3]    There is no statutory formula dictating the time within which trial must be had. There are, however, two statutes, G.S. 15-10 and G.S. 15-10.2, neither of which is applicable here, relating to the time within which a trial must be had. G.S. 15-10 entitled "Speedy trial or discharge on commitment for felony" is for the protection of persons held without bail. G.S. 15-10.2 entitled, *inter alia,* "Mandatory disposition of detainers — request for final disposition of charges" requires the solicitor to try a prisoner who has a detainer lodged against him and who is serving a sentence in the State prison within eight months after the prisoner shall have requested a trial as provided therein. In this case the detainer was lodged against the defendants on 29 September 1967, the defendants

did not request a trial as provided in G.S. 15-10.2, and were tried at 25 March 1968 Session of Superior Court of Nash County.

[4, 5]    Whether an accused has been granted or denied a speedy trial is to be determined in the light of the facts and circumstances of each particular case, and, absent a statutory standard, what is a fair and reasonable time is within the discretion of the court. *State v. Lowry, supra;* 22A C.J.S., Criminal Law, § 467(4). The fact that the accused is in prison serving time for another offense does not militate against his right to a speedy trial. *State v. Hollars,* 266 N.C. 45, 145 S.E. 2d 309.

[6]    In *State v. Hollars, supra,* Justice Sharp reiterated the four generally accepted interrelated factors to be considered together in reaching a determination of whether the denial of a speedy trial assumes due process proportions. They are the length of the delay, the reason for the delay, the prejudice to the defendant, and waiver by defendant.

Applying these factors to the facts of this case, we are constrained to say that there has been no denial of constitutional protections.

[7, 8]    The time elapsing here from the time the warrant was *issued* to time of trial was 4 years and 4 months. At first blush this appears to be too long. However, we think there are other factors to be considered. From the record, the warrant was not served on the defendants, although it was read to each of them, and there can be no doubt but that they knew of the real probability of being required to answer to charges in Nash County. Neither of the defendants ever requested that he be brought to trial in Nash County. North Carolina stands with the majority of the states in holding that an accused waives his right to a speedy trial unless he demands it. *State v. Hollars, supra.* See also 57 Columbia Law Review, p. 846, where it is pointed out that both the State and the accused should desire a speedy trial. Both want to preserve the means of proof of the case. From the standpoint of the State, an old case is more vulnerable to cross-examination and less easily persuades the jury. The accused is anxious to escape the public suspicion created by the accusation and the mental strain of standing accused. The right to a speedy trial, however, is the personal right of the accused, and it is not designed as a sword for his escape, "but rather as a shield for his protection." 57 Col. L. Rev., *supra,* at page 853.

It appears abundantly clear that to hold that these defendants are entitled to dismissal of this charge for lack of a speedy trial

would be allowing the principle of their right to a speedy trial to be used as a sword for their escape.

[7, 9]   On 1 November 1963, defendants confessed to the crime for which they were tried and convicted by a jury. They were afforded all the constitutional guaranties. There is not a scintilla of evidence of coercion or threat or abuse. There is no evidence in this record that any witness in their behalf could not be located for their trial. There is not even any evidence that they requested any witness to testify for them. Defendants suggest that they are prejudiced by reason of a *possibility* that the trial court might have allowed their sentence for this offense to run concurrently with sentences for other offenses to which they pled guilty. That is a matter in the sound discretion of the trial court.

[7]   The Nash County Sheriff testified that he could have gotten an indictment against these defendants at December 1963 Session, but did not because he wanted to find, if possible, a third person who he thought was implicated in the crime. He was not able to find that person and presented the charge to the grand jury at November 1967 Session when a true bill was returned. Defendants were not tried at the next session of court because of a request for continuance, for good cause, by defendants' court-appointed counsel. They were tried at the March Session, which was the next session of court at which they could be tried.

We do not condone the practice of long delays between the time of commission of a crime and service of the warrant or obtaining an indictment. We recognize that under some circumstances delaying the indictment and the trial on one offense after another, until time is served on each consecutively can be a denial of speedy trial. No particular intellectual gymnastics are required to see that if such a procedure is intentionally designed to extend indefinitely the punishment of an accused and postpone his liberty, his constitutional rights may be violated. Neither do we condone the filing of a detainer prior to the service of a warrant or obtaining of a true bill in violation of G.S. 15-10.

We are here concerned only with the question of whether these defendants have been deprived of a constitutional guaranty. We find that under the circumstances of this case, they have not been.

Affirmed.

MALLARD, C.J., and CAMPBELL, J., concur.