STATE v. JAMES G. WISEMAN and WILLIAM E. WISEMAN.

An appeal cannot be taken in State cases from an interlocutary judgment, and it is only by statute that such appeals can be taken in civil cases.

In cases of necessity, a mistrial may be ordered in capital cases.

The necessity justifying such mistrial, may be regarded as a technical term, including distinct classes of necessity; for instance, the one physical and absolute, as where a juror from sudden illness is disqualified to sit, or the prisoner becomes insane, and so on; another may be termed a case of legal necessity or the necessity of doing justice, as in case of tampering with jurors, and such like—such cases of necessity being the subject of review in this Court after a final decision in the Court below.

Whenever the Court below finds that the jury has been tampered with, a mis-

STATE *v.* WISEMAN *et al.*

trial should be ordered, it being one of the highest duties of a Court to guard the administration of justice against such fraudulent practices.

(*State* v. *Bailey*, 65 N. C. Rep. 426; *State* v. *Jefferson*, 66 N. C. Rep. 309, cited and approved.)

MOTION to discharge the prisoner from custody, on account of the withdrawal of a juror and a mistrial at the instance of the State.

The indictment (for arson) was found at Fall Term, 1871, of Mitchell Superior Court, and thence removed on affidavit of defendant to McDowell county, and from thence to YANCY county, where the defendants were put on trial at Fall Term, 1872, of the Superior Court, before *Henry, J.*

The case made out by his Honor and sent here as a part of the transcript, on the only point material to an understanding of the opinion of the Court, states, that one Wheeler had been appointed the officer to attend the jury, and was sitting in the same box with them; that on the evening of the second day of the trial, after the evidence for the prosecution had closed, and while the defendants' witnesses were being examined, the counsel for the defendants, after asking permission to speak to Wheeler, the officer, called him as a witness and examined him as a matter tending to discredit or contradict the prosecutor, a witness for the State. Upon Wheeler's cross examination, he was asked as to whom he had spoken of the matter—the subject of the testimony. He replied, that while a former witness was giving in his evidence, that he, Wheeler, had remarked to one of the jurors in the box: "That is so, Childs, (the prosecutor) said the same thing to the prisoner in the jail at the last Court." Wheeler further stated, that he had remarked the same thing in substance to another of the jury and to others. The jurors to whom Wheeler had addressed himself, being called at the instance of the defendants, stated that Wheeler had spoken to them about the matter, but that their minds were not influenced by what he said. One of them stated,

that Wheeler had also said to him, that " Childs (the prose-
cutor) is a mean man and a rascal," when he was told to go
away and not to speak to him, the juror, about it.

The Solicitor for the State, moved that a juror be with-
drawn and a mistrial entered.

His Honor allowed the motion, and a juror was with-
drawn, whereupon it was moved that the prisoners be dis-
charged from custody, which being refused, they appealed.

*Busbee & Busbee,* for the prisoners.
*Attorney General Hargrove,* for the State.

BOYDEN, J. No appeal can be taken in a State case until
after a trial and judgment against the defendant in the Court
below. An appeal cannot be taken in State cases from an
interlocutory judgment, and it is only by statute that such
appeals can be taken in civil actions. *State* v. *Bailey,* 65
N. C. Rep., 426, and *State* v. *Jefferson,* 66 N. C. Rep., 309. The
appeal in this case must therefore be dismissed.

This case being now before the Court, as upon a writ of
*Certiorari,* that raises the question as to the power of the
Court below to withdraw a juror and make a mistrial.

It must now be considered as settled law, in our State,
that in cases of necessity a mistrial may be ordered even in
capital cases. The term, necessity, as used in this connec-
tion, must be regarded rather as a technical term, and in-
cludes quite distinct classes of necessity. One class may not
improperly be termed physical and absolute; as where a
juror by a sudden attack of illness is wholly disqualified from
proceeding with the trial; or where the prisoner becomes
insane during the trial, or where a female defendant is taken
in labor during the trial, as in the case of Elizabeth Mead-
ows, cited by Chief Justice TILGHMAN, in the *Commonwealth*
v. *Cook* and others, 6 Sergeant & Rawles, 771, (Foster 76,
A. D. 1750.) There is another class of cases of necessity

which may be termed cases of legal necessity, and which the same authority denominates the necessity of doing justice; arising from the duty of the Court to guard the administration of justice from fraudulent practices; as in the case of tampering with the jury, or keeping back the witnesses on the part of the prosecution, by the prisoner.

In misdemeanors of the lower grade, mistrials are within the sound discretion of the Courts, and their decisions in such cases can not be reviewed in this Court. But in capital cases, and other felonies, and in offences under the grade of felony, where infamous punishments are awarded, such as perjury, conspiracy and the like, mistrials are not matters of discretion, and can only be made in cases of necessity as above defined; and all such cases are the subject of review in this Court after a final decision in the Court below; and in such cases, the defendant when called for a second trial, may avail himself of any error committed in the former trial by ordering a mistrial when the necessity for a mistrial did not exist. In such cases the Judge should find the facts and place them on the record, and these findings of the Court below are conclusive, and not the subject of review here; but his Honor's decision upon the law, arising upon the facts, may be reviewed and reversed.

In this case we understand his Honor as finding that the jury had been tampered with, and that his Honor ordered the mistrial on that ground. But it is argued by the defendants' counsel in this Court that this power to make a mistrial in such a case can only be exercised against the consent of the defendant, when it is shown that the prisoner has himself been engaged, directly or indirectly, in tampering with the jury.

We do not so regard the rule, and we hold the law to be that whenever the Court finds that the jury have been tampered with, a mistrial may be ordered. It cannot be necessary for the Court to proceed further, and also find that the

defendant has himself been engaged in this tampering; as such an inquiry would necessarily delay the trial, often for days, and owing to the secret manner in which such practices are conducted, the fact of the defendant's actual participation therein, could rarely be ascertained, and would result in destroying the practical application of the rule.

We regard it as one of the highest duties of a Court to guard the administration of justice against such fraudulent practices, and whenever the Court is satisfied that the jury have been tampered with, a mistrial should be ordered.

In this case we hold that his Honor was right in withdrawing a jury and ordering a mistrial.

The discharge of the prisoner is refused, as we hold he is liable to be put upon his trial again.

PER CURIAM.                    Judgment affirmed.