STATE v. J. D. BARBER and others.

*Evidence—Impeaching Testimony—Leading Question—Time and Place—Separation of Jury.*

1. Evidence was offered to impeach a witness, and exceptions taken to its rejection; *Held,* that this court will not consider the same, where the case fails to set out the testimony of the witness sought to be impeached. The facts necessary to show the alleged error should be stated.

2. *Held further*, that the rejection of the proposed evidence is sustained upon the further grounds, that the question put was a leading one, and the "time and place" preparatory to proof impeaching the witness, were not stated.

3. In misdemeanors of the lesser grade, the question of new trial on account of the separation of the jury, is a matter of discretion with the presiding judge.

(*Whitesides* v. *Twitty*, 8 Ired., 431; *State* v. *Shule*, 10 Ired., 153; *State* v. *Lytle*, 5 Ired., 58; *State* v. *Miller*, 1 Dev. & Bat., 500; *State* v. *Tilghman*, 11 Ired., 513; *State* v. *Wiseman*, 68 N. C., 203, cited and approved).

INDICTMENT for assault and battery tried at Spring Term, 1883, of JOHNSTON Superior Court, before *MacRae, J.*

On the trial, Charles B. Olive was examined as a witness on behalf of the state, and, on his cross-examination, was asked by defendants' counsel if he did not tell the defendant Beasley that he (Beaseley) was innocent, and that he (witness) would have Beasley's name stricken out of the indictment; and the witness denied having told Beasley anything of the kind.

One Kennedy was examined by the defendants, and was asked the following question: "Shortly after this difficulty at Fuller's store in Smithfield did Charles B. Olive say anything to Beasley, in your presence, about having Beasley's name stricken out of the indictment, and his not believing that Beasley had anything to do with the difficulty; if so, what was it?"

The witness testified that he did not hear all that he said; that Olive and Beasley were in conversation about this matter when witness came up, and that he could not give the substance of the whole conversation, but that he heard all that was said after he came up. His Honor refused to allow the question to be answered, and the defendants excepted.

The jury returned a verdict of not guilty as to the defendant Richard Barber, and guilty as to the other defendants.

After verdict, the defendants moved for a new trial, upon two grounds:

1. Because the court refused to permit the witness, Kennedy, to answer the question propounded to him.

2. That two of the jurors, while the jury were out consider-ing of their verdict, walked down towards the river from their fellows, and, upon returning, declared themselves in favor of finding defendants guilty, without deliberating upon the case at all.

The motion was overruled, and the defendants appealed from the judgment pronounced.

*Attorney-General,* for the State.
*Mr. T. M. Argo,* for the defendants.

ASHE, J. We are of the opinion that there was no error in overruling the first ground; for we are unable to see how the defendants were prejudiced by the ruling of the court on this point. The question put to Kennedy was for the purpose of impeaching the credibility of the witness Olive; but the " case " does not set forth the testimony of Olive on his direct examina-tion. It may be that his testimony did not implicate the defen-dant Beasley in the assault and battery, and his connection with the affair may have been proved by other testimony on the trial. How that is, does not appear. But at all events, it was necessary that his testimony, or so much thereof as tended to establish the guilt of Beasley, should have been stated, so that the court might see whether the statement of Olive, in the alleged conversation with Beasley, was in conflict with his testimony-in-chief; for if there was no contradiction, then the question put to him on the cross-examination was irrelevant and his answer conclusive. *Whitesides* v. *Twitty,* 8 Ired., 431 : where Chief-Justice RUFFIN says :

" From the nature of a bill of exceptions, it is incumbent on the party excepting, when the error alleged consists in rejecting evidence, to show distinctly in it what the evidence was, in order that its relevancy may appear, and that it may be seen that a prejudice has arisen to him from the rejection. * * * For verdicts and judgments are presumed to be right and according

to law and justice, until the contrary be shown ; and the bill of exceptions is required to state all the facts necessary to show the error clearly."

Besides this, there are other grounds upon which we think the ruling of the judge may be sustained :

1. The question put to Kennedy is leading in its character, because suggestive of the answer. *State* v. *Shule*, 10 Ired., 153. The witness should have been asked simply to state whether he heard the alleged conversation with Beasley, at the time and place designated ; and if so, to relate what passed in the conversation. 1 Phillips on Ev., 269, 270.

2. The testimony of Kennedy was obnoxious to the further objection, that on the cross-examination preparatory to the impeachment of the testimony of the witness Olive, he was not asked as to the *time and place* involved in the supposed contradiction, or some other circumstances sufficient to point out the particular occasion. Starkie on Ev., 240 ; 1 Greenl. on Ev., 462.

The other ground urged by the defendants for a new trial, based upon the separation of the jury, is without any merit. It has been repeatedly decided by this court, that a temporary separation of a juror from his fellows is no ground for awarding a *venire de novo*, though it may be a reason for applying to the discretion of a judge in the court below for a new trial. *State* v. *Lytle*, 5 Ired., 58 ; *State* v. *Miller*, 1 Dev. & Bat., 500 ; *State* v. *Tilghman*, 11 Ired., 513. The exception to this rule is where there is a *legal necessity* arising from the duty of the court to guard the administration of justice from fraudulent practices, as in case of tampering with the jury or keeping back the witnesses of the prosecution by the prisoner ; but the exception does not embrace misdemeanors, except such where infamous punishments are awarded. In misdemeanors of the lesser grade, like this, the question of new trial, on account of the separation of the jury, is always addressed to the discretion of the court. *State* v. *Wiseman*, 68 N. C., 203.

Finding no error to the prejudice of the defendants in the judgment, it must be affirmed. Let this be certified to the superior court of Johnston county.

No error. Affirmed.