The prisoner is charged with the killing of one Augustus Rhor, on the 28th of May, 1883, in the city of Newbern, in the county of Craven, and the trial of the indictment was removed, upon an affidavit of the state solicitor, to the county of Pamlico. Verdict of guilty; judgment; appeal by prisoner.
The facts relating to the points decided by this court are sufficiently set out in its opinion.
In reviewing the prisoner's appeal and the numerous exceptions shown in the record to have been taken to the rulings of the judge upon the trial in the court below, we deem it necessary to consider and dispose of two only:
1. The prisoner's counsel moved that he be released from further prosecution for the imputed felony, for the reason that he had before been put in peril before a jury regularly constituted and empaneled to pass upon his plea, and the judge had without warrant in law ordered a mistrial and disbanded the jury before rendering their verdict.
The right of the prisoner to set up this defence upon his trial, if deemed available, was recognized, and its merits left undetermined to enable him to do so, when his application for the writ of certiorari to bring up the record and move for his discharge on this ground, was before us and denied at the last term. 89 N.C. 535.
The case now presented is essentially unchanged in the facts, except in the addition of the prisoner's own affidavit denying that he had tampered with any juror or was in complicity with others, if any, who may have done so. The facts found by the judge who then presided remain upon the record.
The subject was fully examined in the light of past adjudications, the later relaxing somewhat the rigorous rule announced in the earlier cases, and the conclusion arrived at, was, that *Page 666 
besides a physical necessity produced by the illness of a judge or juror in incapacitating him to proceed, or other such cause, there was another controlling necessity, growing out of the duty of the judge "to guard the administration of justice against faudulent practices," and assuring a fair and impartial trial, which equally sanctions the exercise of the power.
The views before expressed are still entertained as to the action of the court in interposing to prevent the consummation of the attempted fraud by the false oath of corrupt jurors.
The power confided to the judge or ordering a mistrial, even in case the charge is for a capital felony, with the restraints attending its exercise, is sufficiently stringent to afford every reasonable protection to the accused and secure a fair and impartial trial; and while he can rightfully demand no more, the protection of the public from crime, by the punishment of the offender, will admit of nothing less.
In the larger number of the states and in several of the circuit courts, presided over by judges of the supreme court of the United States, it has been decided that the matter of discharging a jury before verdict rests in the sound discretion of the court, and its exercise formed no legal obstacle to a second trial upon the same bill, and that the prisoner has not been in peril in the sense of the law. The cases on the subject are commented on in 1 Whar. Cr. Law, sections 575 to 586 inclusive, and among them that of United States v. Peres, 9 Wheat., 579, in which Mr. Justice STORY says, in reference to a discharge of the jury because they were unable to agree: "The prisoner has not been convicted or acquitted and may again be put upon his defense."
2. The second exception is to the refusal of the court to recall three of the thirteen jurors constituting the regular panel who were set aside, at the instance of the solicitor, until the others were called, in order that the causes of challenge be passed on, and they tendered before proceeding to call the one hundred jurors summoned on the special venire.
In this ruling of the court there is error, and those jurors *Page 667 
ought to have been recalled and the sufficiency of the causes assigned for the challenges enquired into, and, if found competent, the jurors tendered before seeking any from those of the special venire. This was the right of the prisoner and it ought not to have been denied. The list of special jurors is in aid of those of the original panel, and only such are to be taken from it as are required to form a jury, after the original panel has been exhausted, without completing it. This legal right, vesting in the prisoner, to have the jury which is to try him made up out of the regular jurors, where a sufficient number of competent unchallenged jurors can be obtained, and if not, the deficiency only supplied from the special venire, is expressly recognized and declared in State v. Shaw, 3 Ired., 532. There, one of the regular jurors was challenged by the state for cause, sustained in the court below, and held to be insufficient in law upon the appeal; and it was argued that as the jurors were all unobjectionable, the exclusion of a competent juror worked no harm to the prisoner, whose right was not to select acceptable jurors, but to exclude obnoxious jurors from the panel. Upon a careful examination of the cases supposed to sustain this view(State v. Arthur, 2 Dev., 217 and State v. Benton, 2 Dev. Bat., 196), GASTON, J., thus states the law:
"It is an obvious corollary of the principles thus asserted, if it be not decided by the case (referring to State v. Benton) that in legal contemplation the jurors of the original venire constitute a distinct panel. Where that panel is perused or gone through with, without forming a jury, any individual member thereof, who upon the challenge of the state has been set aside to see whether a jury might not be formed from the panel without him, must be brought forward and challenged or taken before anotherpanel can be resorted to."
The principle thus announced applies with equal force to the facts of the present case, and it meets our full concurrence. Indeed this case is more favorable to the prisoner, as it does not appear that he possessed any peremptory challenges, up to the *Page 668 
completion of the jury, so as to enable him to free it from some of the latter jurors who might not have been reached, had one or more of those, made to stand aside, been called and accepted.
There is error, and the prisoner is entitled to have the verdict set aside and a venire de novo awarded, and it is so ordered. This will be certified.
Error. Venire de novo.