STATE v. JOHN McNEELY.

*Imprisonment for Costs.*

There were three indictments against a prisoner, to one of which he pleaded guilty, and judgment was suspended on the payment of costs.  He was found guilty on the other two, on one of which he was sentenced to imprisonment for ten days.  After remaining in jail for the term of his imprisonment and twenty days additional, the prisoner took the oath prescribed for insolvent debtors and persons imprisoned for the costs and fine in a criminal prosecution, and applied for his discharge ; *Held,* that he was entitled to his discharge in all three cases.

MOTION to discharge the prisoner from custody for the non-payment of costs, heard before *Avery, Judge,* at Spring Term, 1885, of BURKE Superior Court.

His Honor refused the motion, and the prisoner appealed.

*Attorney-General,* for the State.
*Mr. S. J. Ervin,* for the defendant.

SMITH, C. J.    The defendant came into court and pleaded guilty to the charge contained in the indictment, of carrying a deadly weapon concealed about his person, under section 1005 of *The Code.*    Thereupon an order was entered " that judgment be suspended on payment of the costs."

There were two other indictments against him for similar offences, tried at the same term, and terminating in the same way, in one of which he was sentenced to imprisonment for ten days, in consideration, as the Judge stated at the time, that there were three convictions upon the same charge.

The defendant served out his term of imprisonment and remained in jail for the space of twenty days additional, at the

end of which, he applied for and was allowed to take the oath prescribed for insolvent debtors and persons committed for the fine and costs of a criminal prosecution—*Code,* §2967 and sections following—and was discharged. Afterwards a capias issued, under which he was arrested and gave bond for his appearance at the next term, when he moved the court for his discharge from custody, upon the ground that his imprisonment was for the costs in all the cases and his discharge applied to all.

The motion was refused and the defendant recommitted to the custody of the sheriff for the costs of the prosecution, from the judgment in which the defendant appeals.

The record does not show a judgment committing the defendant for the costs of this proceeding, unless it be inferred from the concluding words of the entry which suspends, that is, forbears to proceed to pass sentence for the criminal act *" on payment of the costs."* The brief of defendant's counsel assumes a judgment committing for costs in each of the cases, and if this be a fair construction of the record, the conclusion would be manifestly correct that the discharge operates upon all the costs, and exempts the convict from further personal confinement on account of them. Taking the entries in the several cases together, they seem to sustain this view of the counsel. There is a single sentence pronounced in one connection and, for the reason given, an omission to proceed to judgment in the others "on payment of the costs," the meaning of which seems to be that the ten days' confinement shall be full punishment for all the offences, but the costs incurred in all must be paid. The accused was, therefore, in custody after the expiration of the ten days, for the non-payment of all the costs, under an implied, if not positive and direct order of committal, and this, so far as we can see, applies as well to others as to that indictment under which he has received punishment.

The oath and discharge, then, must have the effect of exempting the accused from further liability to imprisonment for the costs, and he was entitled to his discharge. There was error in refusing it. Let this be certified.

Error.                                        Reversed.