### STATE v. CICERO WILLIAMS.

*Insolvent Debtor's Oath— Cost—Fine.*

A prisoner is entitled to be discharged from imprisonment for the non-payment of a fine and costs upon complying with the provisions of *The Code*, chap. 27, §2967, *et seq.*, and this is so, although a work-house has been established by the County Commissioners in accordance with the provisions of *The Code*, §786.

(*State v. McNeely*, 92 N. C., 829 ; cited and approved).

MOTION by the defendant to be discharged from custody, heard upon appeal from the clerk, by *Shepherd, Judge,* at February Term, 1887, of WAKE Superior Court.

At the January Criminal Term, 1886, of Wake Superior Court, the defendant, Cicero Williams, having been convicted of assault and battery, it was adjudged that he be imprisoned in the common jail for twelve months, beginning January 16th, 1886, and that he pay the costs in the indictment, and if he failed to pay the costs at the expiration of the sentence, that he remain in jail till said costs are paid. In the event of failure to pay the costs, the county commissioners were authorized to imprison him in the work-house, instead of the jail.

After having been confined in prison twelve months, and in the work-house for twenty days after the expiration thereof, and after due notice, the defendant filed his petition to the Superior Court, before the clerk, alleging his insol-

vency and inability to pay the costs, and praying the Court to be allowed to file his schedule, take the oath prescribed for insolvents, and be thereafter exempt from arrest because of said costs.

After certain proceedings had in relation to said petition, to-wit, on the 28th day of February. 1887, the defendant having taken the prescribed oath, it was ordered and adjudged by the clerk that he be discharged from custody.

From this judgment the State and county commissioners for the county of Wake appealed to the Superior Court in Term, and the said appeal being heard at the February Term, 1887, of the Superior Court, before Shepherd, Judge, the judgment of the clerk discharging the defendant was affirmed, and from that judgment the State and county commissioners aforesaid appealed to this Court.

*The Attorney-General,* for the State.
*Mr. Geo. H. Snow,* for the county of Wake.
*Messrs. Thos. P. Devereux* and *Sam'l Wilder,* for the defendant.

DAVIS, J., (after stating the facts). Chapter 27, §2967 of *The Code,* prescribes, that " every person committed for the fine and costs of any criminal prosecution " may be discharged from imprisonment upon complying with the provisions of said chapter. The defendant filed his petition, and in all other respects complied with the provisons of chapter 27 ; taking the oath prescribed in §2972 of *The Code,* which, it will be observed, requires the insolvent to swear that he is not worth the sum of " fifty dollars, in any worldly substance," &c., instead of " one dollar in any worldly substance, above such *exemption as is allotted to me by law,*" &c., as was required prior to the act of 1881, chapter 76. It was suggested, the change might contravene the constitutional provision in regard to homestead and personal property exemptions, but a moment's reflection will remove all doubt.

Upon conviction the judgment of the Court is, that the defendant be in the custody of the sheriff until the sentence of the Court is complied with, usually until the fine and costs are paid. The prisoner can discharge himself from custody only by paying the fine and costs, or, which he is allowed to do, by complying with the provisions of chap. 27 of *The Code*, and taking the oath prescribed. He has his election to pay the fine and costs, or remain in custody, or if he has not the means wherewith to pay the fine and costs, he may give the notice, and take the prescribed oath. None of his rights of property are violated.

But §707, subsection 17, of *The Code*, authorizes " the erection in each county of a house of correction, where vagrants and persons guilty of misdemeanors, shall be restrained, and usefully employed, &c., and §786 of *The Code* provides for the establishment of work houses "for the safe keeping, correcting, governing, and employing of offenders legally committed thereto," and the board of county commissioners for Wake say that this has been done in Wake, and the defendant was legally committed to the work-house, and that he is not entitled to his discharge, until the fine and costs are paid. This we think is governed by §3448, of *The Code*, which relates to the same subject, and which provides that the detention of the prisoner shall not extend " beyond the time fixed by the judgment of the Court." That " the amount realized from hiring out such persons shall be credited to them for the fine and bill of costs in all cases of conviction ;" and that, " it shall not be lawful to farm out any such convicted person who may be imprisoned for the non-payment of a fine, or as punishment imposed for the offence of which he may have been convicted, unless the Court before whom the trial is had shall in its judgment so authorize."

These sections of *The Code* are *in pari materia*, and the conclusion to be drawn from them is, that the imprisonment, whether " *in arcta et stricta custodia*," or in the work-house, or

the prisoner be farmed or hired out, cannot be extended "beyond the time fixed by the Court."

This view is sustained by the State v. McNeely, 92 N. C., 829. The Judges of the Superior Court may, in the exercise of their discretion, fix the time of imprisonment, and authorize the board of county commissioners to farm out the convict, as provided in §3448 of The Code, or employ him in the work-house, as provided in §786, and the proceeds of his labor shall be applied to the payment of the fine and costs, but the imprisonment cannot extend beyond the time fixed, and he may be discharged from commitment for the fine and costs, in the manner prescribed in §2967, et seq. There is no error.

No error.                                          Affirmed.