STATE v. PINK DRY AND GASTON BLAKE.

(Filed 4 May, 1910.)

1. Appeal and Error—Motion to Discharge—Final Judgment—As on Return to Certiorari.

Refusing a motion to discharge the prisoner is not a final judgment, but in this case, with the consent of the Attorney-General, the record is regarded as an application for and a return to an order for *certiorari*, and so treated in the Supreme Court, in order to avoid delay and circumlocution.

2. Capital Felonies—Absence of Prisoner—Mistrial—Order—Discretion—Ends of Justice—Joint Acts.

After the temporary but voluntary absence of a prisoner who is being tried for a capital offense, by the inadvertent permission of the judge, his attorneys stated that they would ask for a new trial on that account. The court thereupon made a mistrial. This does not entitle the prisoner to a discharge upon motion after the entry of the order for a new trial, to which no exception was taken; for while it is not in the discretion of the trial judge to order a mistrial in case of a capital felony, he may do so to attain the ends of justice; and the prisoner not having excepted to a mistrial, he cannot afterwards be heard to object. This principle holds when there are two prisoners being jointly tried for a capital felony for a joint act, and one of them was thus absent.

APPEAL from *E. B. Jones, J.,* at January Term, 1910, of CABARRUS.

The facts are stated in the opinion of the Court.

*Attorney-General* and *George L. Jones* for the State.
*Montgomery & Crowell* and *W. G. Means* for defendant.

CLARK, C. J. The prisoners were on trial for murder. During the taking of the evidence the judge learned for the first time that during the selection of the jury one of the prisoners (Blake) had left the courtroom and gone into an adjoining room, for a short while, to speak with the coroner, without the knowledge of the court, solicitor, or his counsel, though the court had in fact given permission for said Blake to go into the adjoining room with the coroner, not knowing that he was one of the parties on trial. Upon learning the above facts, the court asked the counsel for the prisoners if they intended to except because the prisoner Blake had been absent a few minutes from the courtroom, while the jury was being selected. Counsel replied that they did. The charge against the prisoners was for a joint capital felony, and there was no severance asked or ordered. The court stated that under these conditions he would withdraw a juror and order a mistrial. It does not appear that the prisoners objected. Certainly, they took no exception. The

order was accordingly made, the facts being found in full, and the clerk, under the direction of the court, copied the findings of fact and the order for a mistrial upon the minutes. The counsel for prisoners then moved for the discharge of the prisoners. The motion was overruled, and the prisoners excepted to the denial of the motion to discharge, and appealed.

Refusal of the motion to discharge is not a final judgment, but an interlocutory order, and no appeal lies at this stage. *S. v. Jefferson,* 66 N. C., 311; *S. v. Wiseman,* 68 N. C., 205; *S. v. Locke,* 86 N. C., 649; *S. v. Twiggs,* 90 N. C., 686, where the authorities are reviewed; *S. v. Scruggs,* 115 N. C., 806. But these same authorities and others hold that upon application to this Court upon a proper state of facts *certiorari* will issue. *S. v. McGimsey,* 80 N. C., 377; *S. v. Bell,* 81 N. C., 393. Whatever the reason for the distinction, the Attorney-General very properly consents, in order to avoid delay and circumlocution, that the record on appeal may be treated as an application for and a return to an order for *certiorari,* and we will so treat it.

In every criminal prosecution it is the right of the accused to be present throughout the trial. In misdemeanors this right can be waived by the defendant, with the consent of the court, through his counsel. In felonies other than capital the right to be present can be waived only by the party himself. *S. v. Jenkins,* 84 N. C., 813. "In capital trials, this right cannot be waived by the prisoner, but it is the duty of the court to see that he is actually present at each and every step taken in the progress of the trial." *S. v. Jenkins, supra; S. v. Paylor,* 89 N. C., 539; Wharton Cr. Pl. and Pr. (9 Ed.), sec. 540 *et seq.;* 1 Bishop New Cr. Proc., sec. 271 (2), 273. This last section cites numerous authorities. It is true that the prisoner is not required to be present during the argument of a motion for a new trial and similar motions. 1 Wharton Cr. Pl. and Pr. (9 Ed.), sec. 548. That the privilege of being present can be waived except in capital felonies is held, reviewing the authorities, in *S. v. Mitchell,* 119 N. C., 786; *S. v. Pierce,* 123 N. C., 748.

The earlier decisions in this State restricted the right of the court to order a mistrial in capital felonies to cases of "urgent and overruling necessity," and it was even held that the expiration of the term of court was not such a necessity. A statute was promptly passed to extend the term of court whenever a capital felony was being tried. Since then, the decisions have much broadened the meaning of the word "necessity," holding that in a capital case the judge may order a mistrial against the objection of the prisoner, when it appears that there has been an

attempt to influence the jury, even though the prisoner was not privy to it. *S. v. Wiseman,* 68 N. C., 206. In *S. v. McGimsey,* 80 N. C., 377, it was held that a finding of fact by the court that the jury could not agree was sufficient "necessity" to justify the order for a mistrial, and that in mistrials the findings of fact by the judge are conclusive, and only his application of the law to the facts found is reviewable. Also, that where a mistrial in a capital case is made with the consent of the prisoner he is not entitled to be discharged. *S. v. Davis,* 80 N. C., 385.

It was also held that tampering with the jury, or keeping back witnesses, or procuring the selection of a juror pledged to acquit the prisoner, are acts justifying a mistrial in a capital case (*S. v. Bell,* 81 N. C., 594), and even though the prisoner was not cognizant of the intended fraud (*S. v. Washington,* 89 N. C., 538). A mistrial was held proper where a juror was found to be intoxicated. *S. v. Tyson,* 138 N. C., 627.

The Court has often called attention to the fact that in the United States courts and in most of the other States a mistrial in a capital felony rests in the sound discretion of the trial judge, as in all other cases with us; but we have not gone further than to modify the stringent rules heretofore prevailing. *S. v. Washington,* 90 N. C., 666.

Where the prisoners assent to a mistrial, they cannot afterwards be heard to object. *S. v. Whitson,* 111 N. C., 697; *S. v. Davis,* 80 N. C., 384: In *S. v. Guthrie,* 145 N. C., 495, it is held that though it is not a matter of sound discretion in the judge to order a mistrial in a capital felony, as it is in all other cases, it is now settled that he may "order a mistrial when it is necessary to attain the ends of justice."

In reply to the inquiry of the court, the counsel of the prisoners, who were on trial together for a homicide committed jointly, frankly admitted that they would insist upon the nullity of the whole proceeding because of the absence of one of them from the courtroom during part of the time the jury was being selected. If their contention was correct, and there are authorities which seem to so hold (and the prisoners cannot be heard to the contrary), the prisoners were not in jeopardy, and the mistrial was properly ordered.

But if the temporary absence of the prisoner, by his own volition, cannot be justly held to have that effect, still the court might well, "in the interest of justice," refuse to go on with an important trial, with such an objection pending, whose effect would be to place the State at a great disadvantage. He thought it would be in the interest of justice that there should be a new

trial when no such doubt would thus hang over the validity of the entire proceeding. A moving consideration with him was doubtless the fact that he had given the prisoner, though inadvertently, permission to be absent from the courtroom.

Certainly, when in answer to the inquiry of the judge, counsel for the prisoners admitted that they would insist on a new trial for the invalidity of the proceeding, the prisoners cannot object that the judge ordered such new trial, then and there. They were assenting to a new trial. They did not object to the order for a mistrial and entered no exception thereto. Had they done so, the judge would doubtless have proceeded with the trial. Having entered no exception then, the prisoners cannot be heard to make it for the first time in this Court.

The exception presented by the record is not to the entry of the order for mistrial, but to the refusal of the discharge as a result of the mistrial—an entirely different matter. The prisoners' counsel did not oppose the mistrial. They doubtless desired it, especially after the offer of evidence of a confession. What they are presenting, and all that they can present on this record, is the exception to the refusal to discharge them upon a motion which could have been made only after the entry of the order for a mistrial.

This is not the case of exception taken to matters occurring during the trial, as exceptions to a juror, to evidence, or to the charge. These matters would not justify a mistrial in a capital case. But here the objection was not to any legal ruling of the judge, but that the whole proceeding was void because of the absence of one of the prisoners from the courtroom, and the judge, "in the interest of justice," admitting the plea of invalidity, ordered a mistrial, the prisoners not excepting.

It is true that only one of the prisoners absented himself, but it was a joint trial for a joint act, and both the prisoners relied on the objection as invalidating the entire trial.

In 12 Cyc., 260, the law is thus stated: "A person who has been placed on trial before a competent court and a jury impaneled and sworn, who, by his own act, during the course of the proceeding, makes it impossible for a valid verdict or judgment to be rendered against him, is not entitled on a subsequent indictment for the same offense to urge the defense of former jeopardy."

In *People v. Higgins*, 59 Cal., 357, it is held: "The defendant being charged with felony, was required to be present during the whole of the trial, including the rendition of the verdict. By voluntarily absenting himself from the court, he made it impossible for the jury to render a verdict in the case. His

own act created the necessity for the discharge of the jury without verdict. Having been so discharged, no actual jeopardy ever attached to the defendant on that trial."

It would surely be trifling with the serious and solemn proceedings of a court of justice if a prisoner can absent himself from the trial, temporarily, during its progress, and upon asserting that the trial is for that reason henceforward a nullity, shall become entitled to discharge because the judge, not contesting his plea, orders a mistrial which he insisted he was entitled to.

The motion for discharge of the prisoners was properly denied, and the case will be remanded that they may be duly put on trial.

Remanded.