STATE v. MACON O'NEAL.

(Filed 16 October, 1929.)

**1. Intoxicating Liquor B a—Constructive possession of intoxicating liquor is sufficient evidence of violation of Prohibition Statute.**

Constructive possession of intoxicating liquor is sufficient to take the case to the jury under an indictment for violating our prohibition law by receiving, possessing, transporting, selling intoxicating liquor, and having it on hand for the purpose of sale.

**2. Criminal Law I b—When prisoner is absent when verdict is rendered, and has not waived his right to be present, a new trial will be ordered.**

The returning into court by the jury of a verdict of guilty of violating our prohibition law, while the defendant is in prison, violates the defendant's constitutional rights (Declaration of Rights, sec. 11), and in the absence of a proper waiver of this right a new trial will be ordered on appeal.

STATE *v.* O'NEAL.

APPEAL by defendant from *Cranmer, J.,* at March Term, 1929, of WAKE. New trial.

Macon O'Neal, Herbert O'Neal, and Vernon O'Neal were charged in one indictment with a violation of the prohibition law by receiving, possessing, transporting, selling, and having on hand intoxicating liquor for the purpose of sale. There was a general verdict of guilty as to all the defendants. From the judgment pronounced Macon O'Neal appealed upon assigned error.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Charles U. Harris for defendant.*

ADAMS, J. There is at least some evidence that intoxicating liquor was found on premises used by the defendants; and for this reason, by virtue of the statutory direction that the prohibition act "shall be liberally construed to the end that the use of intoxicating liquor as a beverage may be prevented," the trial court committed no error in submitting to the jury the question of the defendant's constructive possession of the prohibited article. *S. v. Meyers,* 190 N. C., 239; *S. v. Pierce,* 192 N. C., 766; *S. v. Weston, ante,* 25.

But on another ground the defendant is entitled to a new trial. When the verdict was returned he was not in the courtroom, but was in prison, confined in close custody. Nor was his attorney present. "In all criminal prosecutions every man has the right to be informed of the accusation against him and to confront the accusers and witnesses with other testimony, and to have counsel for his defense, and not be compelled to give evidence against himself or to pay costs, jail fees, or necessary witness fees of the defense, unless found guilty." Declaration of Rights, sec. 11.

In the application of this fundamental principle it has been held that in a capital felony the prisoner cannot waive his right to be present at any stage of the trial. Not only has he a right to be present; he must be present. *S. v. Kelly,* 97 N. C., 404; *S. v. Dry,* 152 N. C., 813. In felonies less than capital the right to be present can be waived only by the defendant himself *(S. v. Jenkins,* 84 N. C., 813), but in misdemeanors the right may be waived by the defendant through his counsel with the consent of the court. *S. v. Dry, supra; S. v. Cherry,* 154 N. C., 624.

Imprisoned, the defendant could not be present when he was convicted by the jury; and there is no suggestion that he waived his right by express consent, or failure to assert it in apt time, or by conduct inconsistent with his right. He is not entitled to his discharge, but merely to a new trial. *S. v. Jenkins, supra.*

New trial.