STATE *v.* BRYANT.

---

STATE v. WILLIAM H. BRYANT.

(Filed 16 December, 1959.)

**1. Criminal Law § 138—**

Where judgment upon conviction of a defendant imposes a prison sentence and also directs that defendant pay a fine in a stipulated sum and the costs, but the judgment does not direct that defendant be imprisoned until the fine and costs are paid or until defendant is discharged according to law, such judgment is not in compliance with G.S. 6-46, and G.S. 6-48 is not applicable. Therefore, after defendant has served the sentence and been discharged, the Superior Court has no authority at a later term to order that the defendant be imprisoned until the fines and costs should be paid.

APPEAL by defendant from *Bone, J.,* June 1959 Assigned Criminal Term, of WAKE.

This is an appeal by defendant from an order of Judge Bone entered, pursuant to G.S. 6-48, committing him to the common jail of Wake County, there to be held, until two fines and the costs imposed upon him at the March Term 1949 of the Wake County Superior Court, are paid or until he is otherwise discharged according to law.

At the March Term 1949 of Wake County Superior Court defendant was tried on appeal from the city court of Raleigh on a warrant charging him with operating a lottery and with having in his possession a quantity of numbers tickets, in violation of G.S. 14-290 and G.S. 14-291.1. He pleaded not guilty, and the jury returned a verdict of guilty as charged in the warrant. On the first count in the warrant the judgment of Judge Clawson L. Williams is that the defendant W. H. Bryant pay a fine of $2,000.00 and costs, and be imprisoned for two years, a violation of G.S. 14-291.1. On the second count in the warrant the judgment is that defendant pay a fine of $1,000.00 and costs, and be imprisoned for six months, a violation of G.S. 14-290, said sentence to begin at the expiration of sentence imposed on the first count in the warrant. From the judgment, defendant appealed to the Supreme Court. This Court found no error in the trial, the opinion being filed on 9 November 1949, and is reported in 231 N.C. 106, 55 S.E. 2d 922. The opinion of this Court was certified to the Superior Court of Wake County on 5 December 1949, and became final on said date. When defendant appealed to the Supreme Court, he gave an appearance bond, but no stay of execution or *supersedeas* bond, so far as the record discloses. The defendant has served his sentences of imprisonment, but has never paid the fines and costs imposed in said sentences.

Nothing was done about the collection of these fines and costs, until the June Regular Criminal Term 1959 of Wake County Superior Court, at which term defendant was convicted by a jury of the crime of bribery. From the sentence imposed defendant appealed to the Supreme Court. This Court found no error in the trial in an opinion filed on 11 November 1959, and reported *ante* p. 217, ...... S.E. 2d ....... In that opinion it is said: "The evidence before the jury disclosed the defendant paid two Raleigh police officers money for the purpose of having them 'lay off his numbers racket.' " At the bribery trial Judge Clawson L. Williams was presiding. After the conviction for bribery, Judge Williams inquired if the fines and costs imposed upon defendant at the March 1949 Term for operating a lottery and having in his possession a quantity of numbers tickets had been paid. He learned that they had not been paid. Whereupon, the Court issued an execution against the property of defendant, which was returned unsatisfied by the Sheriff of Wake County.

Then the defendant was arrested on a *capias* for the nonpayment of the two fines and costs, which is the first time he was held for nonpayment of the two fines and costs. At the June 1959 Assigned Criminal Term of Wake County Superior Court, the Solicitor for the State made a motion before Judge Bone, pursuant to G.S. 6-48, that defendant be held for the fines and costs imposed in the judgment at the March Term 1949, as above set out, until discharged according to law.

Judge Bone after hearing the evidence offered by the State and the defendant, entered the order above set forth, from which defendant appeals to the Supreme Court.

*Malcolm B. Seawell, Attorney General, and Harry W. McGalliard, Assistant Attorny General for the State.*

*Robert L. McMillan Jr., and Thomas W. Ruffin for defendant, appellant.*

Parker, J.   Each of Judge Williams' judgments entered against defendant Bryant at March Term 1949 imposed a term of imprisonment and also imposed a fine and the costs, but each judgment did not direct that defendant be imprisoned until the fine and costs were paid, or until he was discharged according to law. Judge Williams was authorized to enter such judgments by virtue of the provisions of G.S. 14-290 and G.S. 14-291.1.

In *Ex-Parte Watkins,* 7 Peters 568, 8 L. Ed. 786, Tobias Watkins was convicted upon three indictments, and judgments were pronounced by the court condemning him to certain terms of imprisonment, and also to the payment of certain fines and costs. There, as here, the judgments did not provide that Watkins be held until the fines and costs were paid. This is what the Court said as to the applicable common law: "At the common law, whenever a fine and imprisonment constitute a part of the judgment upon a conviction in a criminal case, the judgment, if the party is in court, is that he be committed to jail in execution of the sentence, and until the fine is paid. If he is not then in court, a special writ of capias pro fine issues against him; the exigency of which is that his body be taken and committed to jail until the fine is paid. Unless such a committitur be awarded he cannot be detained in jail in execution of the sentence. It is the warrant of the jailer, authorizing the detention of the prisoner. No capias ad satisfaciendum in the form appropriate to civil cases, where the exigency of the writ is to take the body of the party and him safely keep, so that the sheriff have his body before the court at the return day of the process with the writ, is ever issued or issuable. If, therefore, the present case were to be tried by the common law, the process of

capias ad satisfaciendum under which the prisoner is detained would be wholly insufficient to justify his detention."

This is said in 15 Am. Jur., Criminal Law, Section 543: "Under the common-law rules, it is the practice, when a punishment inflicted is by sentence to pay a fine, to include in the judgment an order that the prisoner be committed to jail until the fine is paid. This has been the practice in England from the earliest times until a comparatively recent date at least. . . ."

When the case tried by Judge Williams at the March Term 1949 was upheld by this Court at the Fall Term 1949, 231 N.C. 106, 55 S.E. 2d 922, the defendant was committed to prison to serve his sentences of imprisonment. Defendant served his sentences of imprisonment, but has never paid the fines and costs imposed on him by Judge Williams at the March Term 1949. Nothing was done about these fines and costs until the June Regular Term 1959. At the June 1959 Assigned Criminal Term, Judge Bone, upon motion of the Solicitor for the State made pursuant to G.S. 6-48, ordered the defendant to be committed to the common jail of Wake County, there to be held until the fines and costs imposed by Judge Williams at the March Term 1949 be paid, or until he is otherwise discharged according to law.

Defendant's sole exception is to Judge Bone's order. Defendant makes two contentions: One, Judge Bone erred in committing defendant to jail, for the reason that the judgment entered at the March Term 1949 was not rendered in compliance with G.S. 6-46. Two, the judgment entered at the March Term 1949 is barred by the ten-year Statute of Limitations, G.S. 1-47.

G.S., Chapter 6, Article 6, sets forth the liability of a defendant in criminal actions.

G.S. 6-45 reads: "COSTS AGAINST DEFENDANT CONVICTED, CONFESSING, OR SUBMITTING. ........Every person convicted of an offense, or confessing himself guilty, or submitting to the court, shall pay the costs of prosecution."

G.S. 6-46 reads: "DEFENDANT IMPRISONED NOT DIS-CHARGED UNTIL COSTS PAID. ........If the sentence be that the guilty person be imprisoned for a time certain, and that he pay the costs, there shall be added to it that he shall remain in prison, after the expiration of the fixed time for his imprisonment, until the costs shall be paid, or until he shall otherwise be discharged according to law."

G.S. 6-47 reads: "JUDGMENT CONFESSED; BOND GIVEN TO SECURE FINE AND COSTS. ........In cases where a court, mayor, or a justice of the peace permits a defendant convicted of any crim-

inal offense to give bond or confess judgment, with sureties to se-
cure the fine and costs which may be imposed, the acceptance of
such security shall be upon the condition that it shall not operate
as a discharge of the original judgment against the defendant nor as
a discharge of his person from the custody of the law until the fine
and costs are paid."

G.S. 6-48 reads: "ARREST FOR NONPAYMENT OF FINE
AND COSTS. ........In default of payment of such fine and costs, it
is the duty of the court at any subsequent term thereof, on motion of
the solicitor of the State, to order a capias to issue to the end that
such defendant may be again arrested and held for the fine and costs
until discharged according to law; and a justice of the peace or mayor
may at any subsequent time arrest the defendant and hold him for
the fine and costs until discharged according to law."

What is now G.S. 6-46 was first enacted at the 1868-69 Session of
the General Assembly as Section 16 (page 450), Chapter IV, Chap-
ter CLXXVIII, of the Laws of North Carolina. Chapter IV, under
which Section 16 appears, is entitled "OF THE FINAL JURISDIC-
TION OF JUSTICES OF THE PEACE IN CRIMINAL ACTIONS."

What are now G.S. 6-47 and G.S. 6-48 were enacted at the 1879
Session of the General Assembly as Sections 6 and 7, Chapter 264,
of the Laws of North Carolina, which chapter is entitled "AN ACT
TO REDUCE THE COSTS OF CRIMINAL PROSECUTIONS."

Judge Williams' judgments do not provide that the defendant shall
remain in prison, after the expiration of the fixed time for his im-
prisonment, until the costs shall be paid, or until he shall otherwise
be discharged according to law, as set forth in G.S. 6-46.

G.S. 6-48 reads: "In default of payment of *such* fine and costs,
etc." (Italics ours.) It seems to us that the words "such fine and
costs" refer to the fine and costs secured by bond as provided for in
G.S. 6-47. That being true, G.S. 6-48 has no application here, and
does not support Judge Bone's order.

G.S. 23-24 provides that "every person committed for the fine and
costs of any criminal prosecution" may be discharged from imprison-
ment upon complying with this article and G.S. 153-194. In *S. v. Davis,*
82 N.C. 610, which is annotated under G.S. 23-24, the defendant was
sentenced to pay a fine and be committed until the fine and costs are
paid. In *S. v. Williams,* 97 N.C. 414, 2 S.E. 370, annotated at the
same place, the defendant was sentenced to imprisonment for twelve
months, and to pay the costs, and if he failed to pay the costs at the
expiration of the sentence, that he remain in jail until said costs are
paid. G.S. 153-194 provides in part that "all insolvents imprisoned
by any court in said counties for nonpayment of costs in criminal

causes may be retained in imprisonment and worked on the public works until they repay the county to the extent of the half fees charged up against the county for each person taking the insolvent oath."

The record shows that defendant has served his sentences of imprisonment imposed by Judge Williams; that he has never paid the fines and costs imposed by Judge Williams and that nothing was done about the collection of the fines and costs until June 1959. So far as the record shows, defendant, when he was imprisoned, may have been retained in prison, after the expiration of his sentences of imprisonment, to repay Wake County to the extent of the half fees charged up against it.

Judge Williams' judgments entered at the March Term 1949 did not direct imprisonment of the defendant, until the fines were paid, or until he shall otherwise be discharged according to law. Therefore, the payment of such fines cannot be enforced by imprisonment or detention, for the reason that a commitment of a defendant in a criminal action departing in matter of substance from the judgment back of it is void. *In re Swink,* 243 N.C. 86, 89 S.E. 2d 792. The rule is well established in the Federal Courts that payment of a fine imposed by a Federal Court in a criminal prosecution may be enforced by imprisonment only where such consequence is prescribed in the imposition of the sentence. *Hill v. U. S.* 298 U.S. 460, 80 L. Ed. 1283; *Boyd v. Archer,* (C.C.A. 9th), 42 F. 2d 43, 70 A.L.R. 1507; *Wagner v. U. S.,* (C.C.A. 9th), 3 F. 2d 864.

Judge Bone's order is broader than Judge Williams' judgments. A court speaks through its judgments, and not through any other medium. Judge Bone's order that defendant be held in the common jail of Wake County for the fines imposed in Judge Williams' judgments, until the fines are paid or until he is discharged according to law, is not authorized by Judge Williams' judgments, and in that respect is void. The part of Judge Bone's order that defendant be held until the costs imposed in Judge Williams' judgments cannot be upheld for the reason that Judge Williams' judgments do not conform to G.S. 6-46, and for the further reason that so far as the record shows — the commitments of defendant to prison under Judge Williams' judgments are not in the record, nor their contents stated therein—defendant may have worked the costs out as provided in G.S. 153-194.

G.S. 15-185, which is entitled, "JUDGMENT FOR FINES DOCKETED; LIEN AND EXECUTION," provides a procedure to collect fines imposed in a criminal action from a solvent defendant.

The order below is

Reversed.