STATE v. PERCY BELL FEREBEE.

(Filed 2 March, 1966.)

**1. Appeal and Error § 19;   Criminal Law § 154—**

Exceptions which first appear in the tendered statement of the case on appeal are ineffectual.

**2. Criminal Law § 86—**

A motion for continuance rests in the sound discretion of the trial court, and when it appears that a medical expert has testified from his examination of defendant that defendant was able to stand trial and defendant's counsel has presented a written instrument waiving appearance and authorizing counsel to enter a plea of guilty, no abuse of discretion is shown in refusing motion for continuance.

**3. Constitutional Law § 31—**

A defendant may not waive his right to be present at any stage of the trial in a capital prosecution, but for a felony less than capital defendant himself may waive the right, and in a misdemeanor the right may be waived by defendant through his counsel with the consent of the court, and in such event the court may enter appropriate sentence, provided no corporal punishment, active or suspended, is imposed.

MOORE, J., not sitting.

APPEAL by defendant from *Clarkson, J.,* July 1965 Session of SWAIN.

At July 1964 Session, the grand jury returned a true bill of indictment charging that defendant on June 13, 1964, unlawfully and wilfully operated a motor vehicle upon the public highways of North Carolina while under the influence of intoxicating liquor, a violation of G.S. 20-138.

The case was calendared for trial at the July 1964 Session, the October 1964 Session and the March 1965 Session; and at each of these sessions "the case was continued for the defendant."

The case was again calendared for trial on Monday, July 26, 1965, the first day of the July 1965 Session. Defendant "was not before the Court personally." His counsel, T. M. Jenkins, Esq., and Thad D. Bryson, Jr., Esq., were present.

Counsel for defendant stated: Defendant was in his office at Andrews, N. C. In response to defendant's request, Mr. Jenkins had gone to defendant's office "to see him about this case." Defendant requested Mr. Jenkins "to see if the Court would permit counsel to waive his presence, enter a written plea of guilty to the charge as contained in the Bill of Indictment and at the same time to surrender his operator's license and abide by the judgment of the Court."

The solicitor, with the approval of the court, indicated to defendant's counsel that the procedure proposed by defendant would be acceptable. When defendant's said request was presented, "a written plea of guilty had already been signed by the defendant, with his operator's license attached," but the solicitor, upon examination thereof, was of the opinion "the plea of guilty was not in the proper form." Thereupon, counsel for defendant "dictated and presented to the Solicitor another plea of guilty which was acceptable," and advised the court "they would have the new plea of guilty signed and sworn to by the defendant and would return the same to the Court the following day, to wit: July 27, 1965."

When court convened on Tuesday, July 27, 1965, instead of presenting, signed, the written plea of guilty drafted the preceding day, Mr. Bryson, one of defendant's attorneys, announced that defendant was sick, that he was in the hospital in Andrews and could not attend court; and, based upon the physical condition of defendant, his said counsel moved for a continuance of the case. To support the motion for a continuance, Mr. Bryson called Dr. Charles O. Van Gordor of Andrews, N. C., defendant's physician, who testified as to defendant's physical condition. No ruling was then made on said motion.

When court convened on Wednesday, July 28, 1965, defendant "was called and failed and judgment *nisi, sci fa* and capias was entered." However, issuance of the capias was deferred pending examination of defendant by a court-appointed physician. An order then entered provided: (1) That Dr. William E. Mitchell, a physician of Swain County, make a physical examination of defendant and report his findings to the court; (2) that defendant submit to such examination by Dr. Mitchell; and (3) that defendant "be allowed to offer any other evidence he may have regarding his physical condition."

On July 29, 1965, Dr. Mitchell's report, sworn to and subscribed before a notary public, was submitted to Judge Clarkson. Dr. Mitchell reported he had examined defendant in the hospital in Andrews and set forth his findings and opinion as to defendant's

physical condition. No other evidence bearing upon defendant's physical condition was presented.

Judge Clarkson entered an order dated July 29, 1965, in which he found as a fact "that defendant is physically able to stand trial at this session of the Superior Court of Swain County." It was ordered that defendant "appear before this Court at 9:00 A.M. on Friday, July 30, 1965 to stand trial for the charges set forth in the Bill of Indictment . . ." After Judge Clarkson's said order had been entered and served on defendant, Mr. Bryson, on the same date, to wit, July 29, 1965, delivered in open court the following written authorization, sworn to and subscribed by defendant before a notary public on July 29, 1965, addressed to the presiding judge and to the solicitor, *viz.:*

"This will authorize my attorney, T. M. Jenkins, and T. D. Bryson, Jr., Esquire, to waive my presence at the call of the above-entitled case for disposition, and to waive my presence and enter a plea of guilty to the charges set out in the Bill of Indictment, to wit: That of operating a motor vehicle while under the influence of an intoxicant on one of the public highways of the State of North Carolina, the date of said offense being June 13, 1964.

"I likewise agree to abide by such judgment as the Court may deem fit to impose in this matter.

"I herewith surrender my operator's license being numbered 421117, for such disposition as the Court deems proper and in accordance with the laws of the State of North Carolina."

The foregoing is the document dictated by defendant's counsel on Monday, July 26, 1965, and then approved by the solicitor.

Pursuant to said authorization, Mr. Bryson, for defendant, waived defendant's presence and entered a plea of guilty of operating a motor vehicle on the public highways while under the influence of intoxicating liquor. Following the acceptance of said plea, the court heard testimony amply sufficient to support a verdict of guilty as charged.

The court, in its discretion, pronounced judgment imposing a fine of $500.00 and costs. The order for *sci fa* and capias was stricken.

The record contains this stipulation: "It is agreed by the Solicitor for the State and counsel for the defendant that during the proceedings and prior thereto trial counsel made no objections nor took any exceptions to any orders, rulings, or the judgment of the Court, and made no objection to any procedure, and that the exceptions and objections are made herein for the first time by counsel for the defendant on appeal."

The July 1965 Session adjourned on Friday, July 30, 1965. On August 3, 1965, defendant served written notice of appeal in accordance with G.S. 1-279 and G.S. 1-280. The notice contains the following: "(E)xceptions to the said judgment to be hereinafter assigned."

Originally, defendant was allowed forty-five days from August 4, 1965, to make and serve case on appeal. However, the solicitor consented to an extension of time and stipulated that the case on appeal tendered on December 4, 1965, was in apt time. Defendant's exceptions first appear in the tendered statement of case on appeal.

*Attorney General Bruton and Assistant Attorney General Harrell for the State.*

*W. R. Francis, Thad D. Bryson, Jr., and Felix E. Alley, Jr., for defendant appellant.*

BOBBITT, J. Defendant's purported assignments of error are not based on exceptions duly noted in apt time and are ineffectual. 1 Strong, N. C. Index, Appeal and Error § 19.

Defendant's brief asserts the "Question Involved" is: "Did the Court, in refusing to continue this case to a subsequent term, deprive the defendant of constitutional rights to which he was entitled?"

"Granting or denying a motion for continuance rests in the sound discretion of the presiding judge and his decision will not be disturbed on appeal, except for abuse of discretion or a showing the defendant has been deprived of a fair trial." *S. v. Ipock,* 242 N.C. 119, 86 S.E. 2d 798; 1 Strong, N. C. Index, Criminal Law § 86. Defendant has failed to show abuse of discretion or that he has been deprived of a fair trial.

"In the application of this fundamental principle (the right of confrontation) it has been held that in a capital felony the prisoner cannot waive his right to be present at any stage of the trial. Not only has he a right to be present; he must be present. *S. v. Kelly,* 97 N.C. 404; *S. v. Dry,* 152 N.C. 813. In felonies less than capital the right to be present can be waived only by the defendant himself *(S. v. Jenkins,* 84 N.C. 813), but in misdemeanors the right may be waived by the defendant through his counsel with the consent of the court. *S. v. Dry, supra; S. v. Cherry,* 154 N.C. 624." *S. v. O'Neal,* 197 N.C. 548, 149 S.E. 860; *S. v. Hartsfield,* 188 N.C. 357, 124 S.E. 629; *Cotton Mills v. Local 578,* 251 N.C. 218, 228-229, 111 S.E. 2d 457. True, a sentence imposing corporal punishment may not be pronounced against a defendant in his absence. *S. v. Brooks,* 211

N.C. 702, 191 S.E. 749, and cases cited. Here, the judgment pronounced imposes no active or suspended sentence of corporal punishment. The fine and costs are collectible as provided in G.S. 15-185. See *S. v. Bryant,* 251 N.C. 423, 111 S.E. 2d 591.

Since defendant has failed to show error, Judge Clarkson's judgment is affirmed.

Affirmed.

MOORE, J., not sitting.