State v. Shackleford

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Jane P. Gray and Deputy Attorney General William W. Melvin, for the State, appellant.*

*Duke and Brown, by John E. Duke, for the defendant, appellee.*

---

STATE OF NORTH CAROLINA v. CHARLES RAY SHACKLEFORD

No. 828SC393

(Filed 2 November 1982)

**Criminal Law § 98— defendant's right to be present at jury selection**

A defendant charged with felonious breaking and entering and larceny had a right to be present for selection of the jury unless he personally waived that right, and defendant did not waive such right where his absence was caused by misinformation he received from his attorney and from the prosecutor's office as to when his case was to be called.

APPEAL by defendant from *Bruce, Judge.* Judgment entered 6 November 1981 in Superior Court, LENOIR County. Heard in the Court of Appeals 18 October 1982.

Defendant was convicted of one count of felonious larceny and of one count of breaking or entering. He appeals the judgment imposing a prison sentence and fine.

*Attorney General Edmisten, by Associate Attorney Wilson Hayman, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Marc D. Towler and James R. Glover, for defendant-appellant.*

HILL, Judge.

In this case, the defendant was not present for jury selection. The case was called on Wednesday afternoon, 4 November 1981. After giving preliminary instructions to the prospective jurors, the court explained defendant's absence, stating: "Now, Mr. Shackleford, as is apparent, is not in court due to some misinformation that he received from his attorney and from the District Attorney's office as to when his case was going to be called." Without comment or objection by defendant's counsel, the jury was selected. Trial resumed the following morning with defendant present.

In every criminal prosecution, the accused has the right to be present at every stage of the trial, unless he waives the right. *State v. Hayes,* 291 N.C. 293, 230 S.E. 2d 146 (1976). In non-capital felony cases, only defendant may waive the right. In misdemeanor cases, defendant may, in addition, waive his right through his counsel with the consent of the court. *State v. Ferebee,* 266 N.C. 606, 146 S.E. 2d 666 (1966).

Here, defendant was charged with felonious larceny and breaking or entering. Although his attorney selected the jury in defendant's absence, the defendant retained his right to be present. Therefore, defendant is entitled to a

New trial.

Judges ARNOLD and JOHNSON concur.